[No. 20768.  In Chambers. — November 22, 1890.]

## Ex parte J. CHARLES GREEN, on Habeas Corpus.

CRIMINAL LAW — SEPARATE CONVICTIONS — CONCURRENT IMPRISONMENT — RELEASE PENDING APPEAL — UNEXPIRED TERM — HABEAS CORPUS. — Where a defendant convicted in the superior court of libel, and sentenced to six months' imprisonment, after being confined four days is released on bail pending an appeal, and while such appeal is pending is convicted in the police court of conspiracy, and sentenced to one year's imprisonment, but after one day's confinement is released on bail, pending an appeal from such judgment of conviction, and the sentence is affirmed in each case, the unexpired portion of the second term of imprisonment does not commence to run until the date of the affirmance of the second sentence, although the prisoner is in custody serving the first sentence

when the second judgment is affirmed. The two terms are concurrent until the term of the first judgment has expired, and the prisoner will be entitled to his discharge 364 days after the date of affirmance of the second sentence, and not before.

Application to the Supreme Court for a discharge on habeas corpus. The facts are stated in the opinion of the court.

*Carroll Cook*, and *J. E. Foulds*, for Petitioner.

*Attorney-General Johnson*, for Respondent.

Fox, J.—June 3, 1889, the prisoner was convicted, in the superior court of the city and county of San Francisco, of libel, and sentenced to imprisonment for the term of six months. Under this judgment he was confined in the county jail for four days, when he was admitted to bail, pending an appeal to the supreme court. Pending this appeal, and on August 22, 1889, he was convicted in the police court of conspiracy, and sentenced to be imprisoned in the county jail for one year, and to pay a fine of five hundred dollars, with the further order that in default of payment of the fine he be further imprisoned in said jail at the rate of one day for each one dollar of such fine. On this judgment he was imprisoned for one day, when he was admitted to bail, pending an appeal therefrom to the superior court. Afterwards the judgment in the first-mentioned case was affirmed in the supreme court, and on the twenty-second day of November, 1889, a bench-warrant was issued, upon which he was placed in jail on the judgment so affirmed, the term for which was six months, less four days already served. On the eighth day of March, 1890, the judgment of the police court was affirmed in the superior court, and a bench-warrant or commitment issued thereon, and placed in the hands of the sheriff, the prisoner being already in his custody on the former judgment.

It being settled that he cannot be held in custody for the collection of the fine,— imprisonment and fine having both been imposed, — it is now claimed that the moment he was arrested and imprisoned under the bench-warrant of November 22, 1889, his sureties on the undertaking, given on the appeal from the police-court judgment, were relieved from liability, and that, as a consequence, the 364 days of the unexpired term of that judgment then commenced to run, notwithstanding the fact that the judgment itself was not affirmed until March 8, 1890, and that from that date, November 22, 1889, the unexpired term of imprisonment under both judgments commenced and ran together, and that the longest of these terms having now expired, the prisoner is now entitled to his discharge. Sections 669 and 670 of the Penal Code are relied upon, and numerous authorities are cited in support of the proposition that the sureties upon the second appeal were discharged the moment the prisoner was rearrested on the first judgment.

Even if that be true, it does not follow that his term of imprisonment for the unexpired portion of the judgment in the case wherein they were sureties then commenced to run. Nor is there anything in the sections of the Penal Code cited which makes such term commence before the appeal in the case was decided. In my judgment, the term of imprisonment under the unexpired term of the police-court judgment did not commence until the eighth day of March, 1890. I think it did commence on that day, and that, for so much of the term of the first judgment of six months as had not then expired, the two terms ran together, and that the prisoner will be entitled to his discharge at the end of one year, less one day, from the eighth day of March, 1890, and not before.

Let the writ be discharged, and the prisoner remanded.