JOSEPH BRETON, Petr. for Habeas Corpus.          | 93   39
                                                 |100  127

Androscoggin.    Opinion May 29, 1899.

*Simultaneous and Cumulative Sentences.    Mittimus.    R. S., c. 27, § 54; c.*
*135, § 9.*

In the absence of any statute, if it is not stated in either of two sentences imposed at the same time that one of them shall take effect at the expiration of the other, the two periods of time named in them will run concurrently, and the two punishments be executed simultaneously.

The petitioner on the first day of June, 1897, was convicted in the municipal court of Lewiston upon two complaints for illegally keeping intoxicating liquors for sale, and received an alternative sentence of sixty days' imprisonment in each case.   It was not stated which imprisonment should be suffered first, nor that sentence in either case should begin at the expiration of the sentence in the other.   The petitioner duly appealed in each case to this court sitting below at nisi prius where upon default the judgment of the municipal court was affirmed and a mittimus ordered to issue; but there was no order of the court declaring which imprisonment should be suffered first, or that either should begin only at the expiration of the sentence in the other.   The petitioner was committed to jail on the same day that judgment was affirmed, by virtue of a mittimus issued by the clerk on that day while court was in session.   At the expiration of the sixty days named in that mittimus the clerk, without any special order of the court, issued a mittimus in the second case; and from imprisonment under it the petitioner sought to be released upon habeas corpus.

*Held;* that the terms of imprisonment in both cases began to run concurrently from the day of the sentences and expired at the same time; and the prisoner should be discharged.

ON EXCEPTIONS BY PETITIONER.

Petition for habeas corpus, in which it appeared that the petitioner was twice convicted in the municipal court for the city of Lewiston, of the crime of keeping intoxicating liquors with intent to sell the same in violation of law, and sentenced therefor.   From each conviction and sentence the petitioner appealed to the Supreme Judicial Court.   The appeals were entered, and the petitioner being defaulted, the judgment of the lower court in each case was affirmed.   Mittimus was issued in one case, and the petitioner served that sentence, his imprisonment expiring December

6, 1897. Mittimus was issued in the second case December 6, 1897, and it is from imprisonment under the second mittimus that the petitioner sought to be released by his petition for this writ of habeas corpus. It was admitted that the facts stated in the two mittimuses are true.

At the hearing, the presiding justice ruled, as a matter of law, that the petitioner's imprisonment was lawful, and ordered the petitioner, for that reason, to be remanded.

From this ruling the petitioner excepted.

*M. L. Lizotte and S. J. Kelley*, for petitioner.

We contend in this case that the two sentences run concurrently. A sentence to imprisonment must be certain as to the time when it shall commence and end. *Mims* v. *State*, 26 Minn. 498; 98 Ill. 269; *People* v. *Whitson*, 74 Ill. p. 20. For one term of imprisonment to begin at the expiration of another, the sentence must so state, otherwise it will run concurrently with it. 21 Am. & Eng. Enc. of Law, p. 1075; 1 Bishop Crim. Procd. 1310; *In re Jackson*, 3 McArthur, (D. C.) p. 24; *State* v. *Smith*, 5 Day, 175, (5 Am. Dec. 132); *Kite* v. *Com.* 11 Met. 582; *McCormick, Pet. for Habeas Corpus*, 24 Wis. p. 492; *Brown, alias Potter* v. *Com.* 4 Pa. (Rawle) 259.

There is no certain time as to when the second sentence should begin. The record shows that the mittimus is to issue, but does not say when it should issue, therefore the time for sentence to begin is uncertain and incapable of application.

*W. H. Judkins*, County Attorney, for State.

The case involves a construction of this section of the statute: "If a claimant or other respondent fails to appear for trial in the appellate court, the judgment of the court below, if against him, shall be affirmed." R. S., c. 27, § 54. The question is, whether, when a respondent has two cases defaulted at the same term of court under this statute, a mittimus can lawfully be issued in the second case after he has served sentence in one case.

The case should be distinguished from those cases where a prisoner is personally present before the court and sentenced in

two cases; and if it be admitted for the sake of the argument that the two sentences thus imposed would run concurrently unless otherwise specified, it does not follow that the sentences in a case like this must run concurrently. A construction of law that would practically nullify it, and relieve criminals from just punishment, is not to be received with favor. The plain statute was followed. The petitioner was defaulted, and respective sentences of the lower court were affirmed.

The mittimus was lawfully issued at the expiration of the first sentence. It will be seen that in no other way could proper punishment be inflicted. Any other practice would directly tend, not to punish crime, but afford criminals an easy means of escape *Scott* v. *Spiegel, Sheriff,* 67 Conn. 349; and *Taintor* v. *Taylor,* 36 Conn. 242.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WIS-
　　WELL, STROUT, JJ.

WHITEHOUSE, J. On the first day of June, 1897, the petitioner was convicted in the municipal court of Lewiston upon two complaints for illegally keeping intoxicating liquors for sale, and received an alternative sentence of sixty days imprisonment in each case. It was not stated which imprisonment should be suffered first, nor that sentence in either case should begin at the expiration of the sentence in the other.

The petitioner duly entered an appeal in each case in the supreme judicial court at the September term of 1897, and on the 15th day of that term, being the 8th day of October, he was defaulted in each case, and the judgment of the court below affirmed and mittimus ordered to issue. Here again there was no order of the court declaring which imprisonment should be suffered first, or that either should begin only at the expiration of the sentence in the other. It appears that the petitioner was in fact committed on the same day that judgment was affirmed, by virtue of a mittimus issued by the clerk on that day, while court was in session. At the expiration of the sixty days named in that mittimus

the clerk, without any special order of the court, issued a mittimus in the second case bearing date December 6, 1897; and it is from imprisonment under this second mittimus that the petitioner asks to be released upon this writ of habeas corpus.

It is a familiar rule of the common law with respect to misdemeanors, that the court may order the imprisonment on one count or indictment to begin on the expiration of that on another. Among the earliest cases in which this doctrine was applied, was the famous libel case of *Rex* v. *Wilkes*, 4 Burrows, 325; but in *Reg.* v. *Cutbush*, 2 Law Rep. Q. B. 379, it was declared that a statute was necessary to give the court such power in cases of felony. In some of our states it has been denied that the court has such a power in any case, unless given by statute. 1 Bishop's Crim. Prac. 1317; *Prince* v. *State*, 44 Texas 480; *James* v. *Ward*, 2 Met. (Ky.) 271; and see opinion of Chief Justice Cooley in *Bloom's case*, 53 Mich. 597, and *Lampheris case*, 61 Mich. 105. But the great weight of authority is undoubtedly the other way. 1 Bishop Crim. Proc. 1327; *Kite* v. *Commonwealth*, 11 Met. 581; *U. S.* v. *Patterson*, 29 Fed. Rep. 775. And such power has uniformly been exercised in this state with respect to sentences in cases of felony as well as of misdemeanor.

All the authorities agree, however, that in the absence of any statute, if it is not stated in either of two sentences imposed at the same time that one of them shall take effect at the expiration of the other, the two periods of time named will run concurrently, and the two punishments be executed simultaneously. Such Mr. Bishop declares to be the rule of the common law, (1 Bish. Cr. Pr. 1310) and such has been the unquestioned rule of procedure in this state. It is familiar practice that wherever the court imposing several sentences desires to have one begin on the expiration of another, that fact is expressly stated in the sentence; and whenever the court inadvertently fails to have the sentence recorded in that form, or from leniency intentionally omits to add such a provision, and the convict is committed in pursuance of such sentences, he is either voluntarily released by the jailer, or discharged on habeas corpus at the expiration of the longest term named in either of the sentences.

Nor has this rule ever been changed or its operation in any manner modified by the statutes of this state. The provision of Rev. Stat. ch. 27, § 54, expressly empowering the court to affirm the judgment of the court below upon the default of the defendant in appealed cases, was manifestly not designed to have, and cannot reasonably be construed to have, any relation whatever to the question of cumulative sentences.

If no appeals had been taken in the cases now in question, and the petitioner had been committed in pursuance of the sentences imposed by the municipal court, in the form set out in the record, the two terms of imprisonment as above shown must have run concurrently. But the accused duly entered his appeals, and being defaulted, the judgment in each case was affirmed by the supreme court precisely as it was imposed in the lower court, without specifying which sentence should be suffered first, or that either should succeed the other. If the accused "had been at the bar of the court or in actual custody" at the time these sentences were thus re-imposed, he would have stood committed in execution of the sentences; and it has been seen that in such a case the terms of imprisonment in both cases would have begun to run concurrently from the day of the sentences, and would have expired at the same time.

It appears from the record that the respondent was in fact committed to jail on the 8th day of October, the same day that the sentences in question were imposed. If he had been at large at that time, he should have been under bail, and when the default was entered, according to the correct and uniform practice, the clerk's docket would have had the entry: "Principal and sureties defaulted." But in these cases the docket only shows that the defendant himself was defaulted. The inference therefore seemed to be justified that he was not at large, but was in fact in custody on the day of the sentences. But in order to remove any doubt upon this point, a copy of the jail calendar, or "committal book" for that period has been examined, which shows that the petitioner was in fact committed to jail on the sixth day of October, on some other process, and that he was actually "taken before the supreme

court" on the eighth day of October, the day when the sentences in question were imposed, and recommitted on that day.

It is immaterial, however, whether he was in custody or at large when the sentences were imposed, except that in the latter case the term of imprisonment would not commence until he was actually committed in execution of the sentences. When arrested and committed in vacation in execution of such sentences as these, the two terms must run concurrently from the time of commitment, precisely the same as if committed during a term of court. It makes no difference whether he is taken from the street or the court room. If the sentences are in the same form, they must have the same operation. The court omitted to state which sentence should be served first, and whether either should succeed the other. The "mittimus" is only a "transcript of the minutes of the conviction and sentence duly certified" by the clerk. R. S. Ch. 135, § 9. The clerk has no power to control the effect of the sentences of the court by changing the time of issuing the mittimus. To determine which sentence shall be served first and whether one shall succeed the other, is clearly a judicial act which the clerk has no power to perform. He can only certify to the order of the court. In this case it is sufficient to say that the clerk was not directed or authorized by the court to perform any such act. It is a question to be determined by the court, because important rights of the accused may depend upon it. In *U. S.* v. *Patterson*, 29 Fed. Rep. supra, (1887) the accused was sentenced to imprisonment for the term of five years upon each of three indictments "said terms not to run concurrently;" but the court said in the opinion: "It is manifest that the judgment or sentence in this case is uncertain in this respect. . . . It does not specify upon which indictment either of said terms of imprisonment is to be undergone. If the prisoner is to be detained in prison for three successive terms, neither he nor the keeper of the prison, nor any other person, knows, or, can possibly know, under which indictment he has passed his first term, or under which he will have to pass the second or the third. If for any reason peculiar to either of said indictments, as for example, some newly-discovered evi-

dence, there should be a different face put upon the case, so as to induce the executive to grant a pardon of the sentence on that indictment, no person could affirm which of the three terms of imprisonment was condoned.

"If a formal record of any one of the indictments, and the judgment rendered thereon, were, for any reason, required to be made out and exemplified, no clerk or person skilled in the law could extend the proper judgment upon such record. He could not tell whether it was the sentence for the first, the second, or the last term of imprisonment. Without the last words of the sentence, declaring that the terms of imprisonment should not run concurrently, it would be sufficiently clear and certain. It would then, by force of law, be a sentence of five years' imprisonment on each indictment, and each sentence would begin to run at once, and they would all run concurrently. Such a sentence is lawful and proper. But the addition that they were not to run concurrently, without specifying the order in which they were to run, is uncertain, and incapable of application. It seems to me that the additional words must be regarded as void."

In the case at bar the mandate must therefore be,

*Exceptions sustained.*
*Prisoner discharged.*