THE PEOPLE *ex rel.* Joseph Clancy, Petitioner, *vs.* CHARLES E. GRAYDON, Sheriff, Respondent.

*Opinion filed February 24, 1928.*

1. CRIMINAL LAW—*when sentences run concurrently.* Two or more sentences of a defendant to the same place of confinement run concurrently in the absence of specific provisions in the judgments to the contrary, and where a defendant is already in custody in execution of a former sentence and the second sentence does not state that the period of imprisonment is to commence at the expiration of the former sentence the sentences will run concurrently in the absence of a statute providing for a different rule, notwithstanding the sentences are pronounced by different courts for different offenses.

2. SAME—*neither sheriff nor clerk of court may change mittimus.* A *mittimus* is only a transcript of the minutes of the conviction and sentence duly certified by the clerk, and neither the clerk nor the sheriff has power to control the effect of the sentence of the court by changing the *mittimus* but they can only certify and execute, respectively, the sentence of the court as recorded, and where two writs out of different courts are issued the sheriff cannot execute one and withhold the other until after sentence is served under the former, as it is clearly a judicial function to determine which sentence shall be served first and whether one shall succeed the other.

ORIGINAL petition for *habeas corpus.*

ALLISTER S. LANGILLE, and CHARLES M. MCDONNELL, for petitioner.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and ROY D. JOHNSON, (Q. J. CHOTT, of counsel,) for respondent.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Joseph Clancy filed his original petition in this court for a writ of *habeas corpus,* alleging that he was illegally restrained of his liberty by respondent, Charles E. Graydon,

sheriff of Cook county. A writ of *habeas corpus* was ordered issued and was served upon respondent. Respondent made return to the writ, in which he alleged that Clancy was in his custody as sheriff of Cook county by virtue of a *mittimus* issued out of the superior court of Cook county dated June 9, 1925, for contempt of court. By consent of the parties evidence was taken before a commissioner, and the cause was heard in this court on the petition, answer, the evidence taken before the commissioner, and printed briefs, suggestions and arguments of the parties.

There is no dispute as to the facts in this case, the question in controversy being the application of the law to the facts. The evidence shows that on May 2, 1924, Joseph Clancy was sentenced upon an indictment for conspiracy to be imprisoned in the county jail of Cook county for the term of six months, and that thereafter a *mittimus* was issued upon said judgment and placed in the hands of the sheriff of Cook county for execution. Clancy sued out a writ of error from the Appellate Court for the First District. A *supersedeas* was granted by that court and Clancy was released upon a *supersedeas* bond. The judgment of the criminal court was affirmed by the Appellate Court on December 28, 1925, and a mandate of affirmance was filed in the office of the clerk of the criminal court on November 27, 1926. On June 9, 1925, Clancy was in the superior court of Cook county adjudged guilty of contempt of court and sentenced to be committed to the county jail of Cook county for such contempt for a period of six months, and on the same day a *mittimus* was issued by the clerk of the superior court and delivered to the sheriff, who on the same day executed it by delivering Clancy to the jailer of Cook county. Thereafter Clancy sued out a writ of error from the Appellate Court for the First District, and on June 13, 1925, he was released from the custody of the sheriff upon

a *supersedeas* bond. On February 2, 1926, the Appellate Court affirmed the judgment of the superior court, and thereafter a mandate of the Appellate Court showing the affirmance of the judgment was filed in the office of the clerk of the superior court on August 23, 1926. January 27, 1927, the sheriff of Cook county had in his possession the two writs for Clancy, one on the judgment of the criminal court directing him to confine Clancy in the county jail of Cook county for the term of six months, issued on the third of May, 1924, and one issued out of the superior court of Cook county on the contempt judgment, dated June 9, 1925, commanding him to keep Clancy in his custody in the county jail of Cook county for a period of six months from that date. On January 27, 1927, a deputy sheriff arrested Clancy by virtue of the *mittimus* issued out of the superior court for contempt of court, read the *mittimus* to him and turned him over to other officers, by whom he was taken to the county jail and there imprisoned. On the same day a return was made by a deputy sheriff upon the *mittimus* which had been issued out of the criminal court in the conspiracy case, stating that he had executed the same "by delivering the body of the within named defendant to the jailer of Cook county this 27th day of January, A. D. 1927." On June 8, 1927, respondent was by a private citizen served with a certified copy of the mandate of the Appellate Court affirming the judgment of the superior court in the contempt case. Clancy remained in jail from January 27, 1927, until the 20th day of July, 1927, when he was released upon a bond in a *habeas corpus* proceeding before one of the judges of the superior court of Cook county, upon which he remained at large until the fifth day of October, 1927, when he surrendered himself to the sheriff in open court and was again committed to the county jail, where he still remained at the time of the suing out of this writ.

The only question involved in this case is whether or not the sentences of the superior court and criminal court ran concurrently. The rule of law is well settled that two or more sentences of a defendant to the same place of confinement run concurrently in the absence of specific provisions in the judgment to the contrary, and where a defendant is already in execution on a former sentence and the second sentence does not state that the time is to commence at the expiration of the former, the sentences will run concurrently in the absence of a statute providing for a different rule. (*In re Gafford,* 57 Pac. 484; *Fortson* v. *Elbert,* 117 Ga. 149; *Hightower* v. *Hollis,* 48 S. E. 969; *In re Breton,* 44 Atl. 125; *Ex parte Black,* 78 S. E. 273; *Ex parte Hunt,* 13 S. W. 145; *Harris* v. *Lang,* 27 App. D. C. 84; *In re Jackson,* 3 McArth. 24; *People* v. *Whitson,* 74 Ill. 20.) While in *Hightower* v. *Hollis, supra,* it was held that the rule relative to cumulative sentences does not apply where the different sentences are imposed by different courts at different times and places, that case is not in accord with the weight of authority in this respect. In *Ex parte Green,* 25 Pac. 21, *Bullard* v. *State,* 50 S. W. 348, *Dickerson* v. *Perkins,* 182 Iowa, 871, *Zerbst* v. *Lyman,* 255 Fed. 609, and *Rex* v. *Bath,* 1 Leach, C. L. 441, the rule was held to be applicable to sentences imposed by different courts.

A *mittimus* is only a transcript of the minutes of the conviction and sentence duly certified by the clerk. The clerk has no power to control the effect of the sentence of the court by changing the time of the issuing of the *mittimus.* To determine which sentence shall be served first and whether one shall succeed the other is clearly a judicial act, which neither the clerk nor sheriff has power to perform. The clerk can only certify to the order of the court and the sheriff can only execute the sentence of the court as recorded. In the instant case there is nothing in the

329—26

judgment which was rendered later in point of time to indicate that the sentence therein imposed was to commence at the expiration of the imprisonment to which Clancy had been sentenced prior to that time. There was nothing in either *mittimus* which the sheriff had on January 27, 1927, when he took Clancy into custody, to indicate which imprisonment was to be first served by Clancy or that the sentences were not to be served concurrently. In *Ex parte Lamar,* 274 Fed. 160, the court, in commenting upon the rule here in question, said: "A prisoner, while suffering the penalty of the law, should always have preserved to him whatever remains of his rights and condition. A sentence should be so complete as to need no construction of a court to ascertain its import. It should be so complete that to ascertain its meaning it will not be necessary to supplement the written words by either a non-judicial or ministerial officer. He must find what the sentencing judge intended from the language which he used. The rascality of the petitioner, or the merits or demerits of his case, or the appropriate punishment which has been inflicted, can not enter into this determination. The punishment which the worst criminal has inflicted upon him must be legal, and when this is not so, however unintentional, an offense is being committed in the name of the law against the person."

At the time of the issuance of the writ in this case Clancy had been imprisoned in the county jail for a period in excess of six months, good time considered, and as we must hold, under the law, that his imprisonment under the two writs ran concurrently, respondent is ordered to release Clancy from further imprisonment under the superior court *mittimus.*                    *Petitioner discharged.*