RAFAEL DONES RIVERA, Petitioner and Appellant, *v.* SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellee.

No. 8500. Argued March 16, 1942.—Decided March 25, 1942.

*Rafael Dones Rivera, in pro. per,* for appellant. *George A. Malcolm,* Attorney General, *R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of San Juan denying a petition for *habeas corpus,* in which the petitioner alleges that he is unlawfully deprived of his liberty, for, notwithstanding the expiration of two concurrent sentences imposed upon him by the District Court of Guayama, the respondent, who is the warden of the Insular Penitentiary, refuses to discharge him.

The facts may be summarized as follows:

On September 21, 1938, the petitioner was convicted of a felony in case No. 10110 of the District Court of Guayama, and on October 14, 1938, he was sentenced to two years' imprisonment in the penitentiary, from which sentence he appealed to this court.

On October 25, 1939, in a case entered under No. 11109 of the same court, the appellant was convicted again of a felony and sentenced on the 30th of the same month and year to imprisonment in the penitentiary for the term of two years.

The judgment rendered in case No. 10110 was affirmed and the petitioner started serving his sentence on the 4th of the following month of April. While he was serving in the penitentiary the sentence imposed upon him in case No. 10110, this court dismissed on March 10, 1941, the appeal taken in case No. 11109.

In accordance with the facts above set forth, the term of imprisonment in case No. 10110 of the District Court of Guayama, which the appellant started to serve on April 4, 1940, after deducting therefrom four months and twenty-four days for good behavior, expired, according to the computation made by the warden of the penitentiary, on November 10, 1941. The petitioner alleges that, as the two sentences were concurrent, the latter, that is, the one imposed in case No. 11109, also expired on November 10, 1941.

The respondent on the contrary maintains that, as the latter sentence did not start being served until March 10, 1941, it is from that date that both sentences are concurrent and, therefore, the time served prior to March 10, 1941, can not be credited to him and, consequently, the latter sentence will not have been served until October 16, 1942, provided deduction is made therefrom of four months and twenty-four days for good behavior, as in the former sentence.

We agree with the prosecuting attorney of this court that the latter sentence, or the one imposed in case No. 11109, did not start to run concurrently with the former, that is, the one imposed in case No. 10110, until the dismissal by this court on March 10, 1941, of the appeal taken from the latter judgment. A similar holding was made by the Supreme Court of California in *Ex parte Green*, 86 Cal. 427, cited by the prosecuting attorney. Neither in said case nor in any other decision we have examined, have we been able to find a statement of the reasons on which that doctrine is based. However, from a slight consideration of the matter it will be readily observed that such doctrine is reasonable and rests on logical grounds. As is well known, upon the taking of an appeal from a judgment, the latter is suspended until the appeal is finally determined. This being so, it can not possibly be logically maintained that the term under a suspended judgment can at the same time be served. It might be said that in certain cases, as where the defendant is in custody due to his failure to furnish bond during the prosecution of his appeal, the time spent by him in jail is credited to the sentence imposed; but this is so, because of an express provision of law. Our statutes do not contain any legal provision to the effect that in a situation like the one presented in the instant case, the term of a subsequent sentence must be computed from the time when the term under a previous sentence began to be served.

As the petitioner had not completely served the second sentence which, although concurrent with the previous one, did not begin to be served until March 10, 1941, his imprisonment is not illegal and, therefore, the trial court did not err in denying the petition for *habeas corpus*.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Travieso did not participate herein.