16231

## STATE v. FINLEY
(54 S. E. (2d) 60)

*Messrs J. Moore Mars,* of Abbeville, *and W. H. Nicholson,* of Greenwood, *for Appellant,*

*Mr. Hugh Beasley, Solicitor,* of Greenwood, *for Respondent,*

June 17, 1949.

STUKES, Justice.

On March 6, 1948 at Abbeville appellant and a former friend with two young men indulged in an evening of carousal which concluded after midnight in the bedroom of her home where there was more drinking. The former friend was shot through the body with a pistol which the investigating officers, who arrived on the scene about a half hour later, were unable to find. Fortunately, the victim recovered after long hospitalization.

Appellant was indicted and tried at the following September term of the Court of General Sessions for Abbeville

County upon the charge of assault and battery with intent to kill. The jury convicted her of assault and battery of a high and aggravated nature and she was duly sentenced. The brief on appeal contained two points but one was abandoned in argument and it was finally contended only that the court erred in failing to charge the law of accident and counsel insisted in the hearing on appeal that, under the evidence, if there was any shooting by the defendant, it must have been accidental.

However, painstaking consideration of the evidence discloses not the slightest contention of appellant, who testified, that she accidentally wounded the victim; on the contrary, she denied possession of the pistol at any time during the evening and night. There is no basis at all in her testimony for the belated theory of accidental shooting. The record is clear that counsel did not entertain that view at the time of the trial.

The proceedings in the trial court which are pertinent can be most accurately portrayed by reproducing the record in part, which will be done. The court was unusually careful to determine the issues and instruct the jury in accord with the expressed views of appellant's able and experienced counsel. Before beginning his charge to the jury he had them retire and in their absence the following occurred:

"The Court: Now, Gentlemen for the Defense, Mr. Mars and Mr. Nicholson, in view of the fact that your principle defense is that the defendant did not fire the pistol, I do not want to charge the jury anything that might seem to reflect on that defense. I, therefore, ask you if you wish me to charge self-defense or defense of the castle or both?

"Mr. Nicholson: I think you ought to charge the law of circumstantial evidence, your Honor.

"The Court: I am asking you about these two matters first.

"Mr. Nicholson: On the law of self-defense, do not think that is necessary to charge that, your Honor.

"The Court: Is that correct, Mr. Mars?

"Mr. Mars: Yes, sir.

"The Court: Then I will leave that out.

"How about the law as to defense of the castle?

"Mr. Nicholson: I think that should be charged.

"The Court: And you think I should charge the law of circumstantial evidence?

"Mr. Nicholson: Yes, sir.

"The Court: Very well, sir; I shall charge that.

"Mr. Nicholson: Your Honor, for the purpose of the record, I want to move,—I make a motion now in the absence of the jury now, I want to move for a directed verdict for the defendant on the ground that the only evidence of any shooting by Mrs. Finley is circumstantial evidence, and that the circumstantial evidence is not sufficient to warrant a conviction in that it does not exclude every other reasonable hypothesis.

"I am not going to argue that motion, Your Honor, I just want to get on record.

"The Court: I think I should overrule the motion. The witness Kirby testified that Mrs. Finley fired a pistol, now, he did say it was fired several times, maybe as many times as three.

"I should charge the jury on circumstantial evidence because it is not clear on that point. I don't know that I can say from the direct evidence how many shots were fired, so I shall charge the jury on circumstantial evidence.

"I overrule the motion for a directed verdict.

"Mr. Nicholson: As I see it, the lady says she was shot but she does not know who shot at her, or shot her.

"The Court: Yes, sir. But regardless of any direct testimony on that point, I think there is ample evidence of circumstantial nature to go to the jury. There is testimony that the defendant had a pistol, that she had it in her hand a few seconds after the shot was fired, and I think that is ample circumstantial evidence to go to the jury."

Again, at the conclusion of the main charge the court inquired of counsel, as follows:

"Is there anything further, Mr. Solicitor?

"Mr. Beasley: Yes, sir. Will Your Honor charge that voluntary drunkenness is not a legal defense?

"The Court: Yes, sir. I shall be glad to do that. Is there anything further from the defense?

"Mr. Nicholson: Yes, Your Honor, there is. I wish Your Honor would charge the jury that if they have a reasonable doubt on any phase of the case, it is their duty to give the defendant the benefit of that doubt.

"The Court: Yes, sir; I will do that. Mr. Foreman, and gentlemen, I charge you the law as to voluntary intoxication. If a person gets intoxicated intentionally, voluntarily, by his or her own will becomes voluntarily intoxicated, that is no defense to a crime which may be committed while under the influence of the intoxicant.

"I charge you further that if you have a reasonable doubt on any phase of the case, it would be your duty to give the defendant the benefit of such a reasonable doubt, and find her not guilty."

When the verdict of guilty was returned by the jury one of appellant's counsel moved for new trial, at which point the record is:

"Mr. Nicholson: If Your Honor please, I do not know of any special ground. We made a motion for a directed verdict on the ground that we thought the evidence was circumstantial and was not sufficient to warrant a conviction. I think that is all I want to get into the record at this time.

"The Court: I think that motion should be overruled, the motion for a new trial.

"I think there was direct evidence and that the jury concluded from the direct evidence that the defendant fired the pistol, but even if there was not, in my mind there was ample evidence which if the jury believed, ample circumstantial evidence sufficient to warrant the verdict."

No error is found.

Judgment affirmed.

Baker, C. J. and Fishburne, Taylor and Oxner, JJ., concur.