· 16483

EX PARTE WILSON
STATE v. WILSON
(64 S. E. (2d) 400)

140

*Messrs. T. C. Callison, Attorney General,* and *James S. Verner, Assistant Attorney General,* of Columbia, *for Appellant,*

*Mr. J. A. Hutto,* of Columbia, *for Respondent.*

March 26, 1951.

STUKES, Justice.

Respondent was sentenced on January 21, 1947 in the Court of General Sessions for Richland County to serve four years in the State penitentiary, without suspension of any part and without parole. He became entitled by reason of good behavior to the benefit of section 1578 of the Code

of 1942, first enacted in 1914, 28 Stat. 617, which provides under such circumstances for deduction of one-fifth of the sentence at the end. He was a "second offender" and, therefore, not entitled to the thirty per cent deduction referred to in the subsequent provision of the statute.

After his release from the penitentiary pursuant to the foregoing and within the period of time which was equal to one-fifth of his sentence aforesaid, respondent was arrested upon a charge of driving an automobile under the influence of intoxicants and forfeited an appearence bond. The State Probation and Parole Board thereupon, on July 17, 1950, issued its warrant whereby it charged respondent with service of the remainder of his four year sentence on account of the foregoing and because of alleged threats against his wife and intoxication on several occasions.

In the lower court respondent denied jurisdiction of the Board which the latter asserted by reason of section 1038-12 of the Code, enacted in 1942, sec. 13 of 42 Stat. 1456, particularly the following portion:

"Any prisoner who shall have served the term or terms for which he shall hereafter be sentenced, less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of prisoners under §§ 1038-1 thru 1038-16 until the expiration of the maximum term or terms specified in his sentence; provided, that this section shall not operate to prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

The record before us does not show whether the required notice was given the Attorney General, Solicitor, or other attorney for the State in accord with section 1056 of Code chapter 66, relating to habeas corpus, by which respondent sought his release from custody. However, the order, from which the State has appealed, recites that a representative of the Probation and Parole Board appeared and admitted the facts which have been stated here-

inabove. On them the Court held that the Board had no jurisdiction of the respondent and its warrant was therefore adjudged void, wherefore respondent was released, and the State appealed. The Statute, Code section 1578, upon which the trial court relied, is much older than the parole statutes, of which section 1038-12 is a part; but they are both now integral parts of the Code (and were when respondent was sentenced) and, of course, *in pari materia*. There is really no conflict. The later parole statue supplemented the earlier statute for the partial abatement of sentence for good behavior and attached to it the provision which has been quoted and which gives the Parole Board jurisdiction of a released prisoner during the portion of a sentence for which he has conditionally earned his freedom by good behavior.

This court appears not to have been heretofore confronted with the problem, but there are precedents in the decisions of the Federal courts. Our quoted statute appears to have been largely copied from the earlier (June 1932) Federal statute which appeared as section 716b of Title 18 U. S. C. A. (now Section 4164 of the United States Criminal Code). It is as follows: "A prisoner having served the term or terms for which he shall have been sentenced after June 29, 1932, less good time deductions, shall upon release be treated as if released on parole, and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced. This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

The result here indicated was reached in *Fox v. Sanford,* Warden, 5 Cir., 123 F. (2d) 334, 335, from which we quote: "When he (the petitioner) accepted release from the penitentiary he did so subject to the terms of the statute which provide for the conditional release of prisoners and for the retaking of those who violate the terms and conditions of their releases. 18 U. S. C. A. §§ 710, 716, 716a, 716b, 717, 719, 723a to 723c."

In *Zerbst, Warden v. Kidwell et al.*, 304 U. S. 359, 58 S. Ct. 872, 82 L. Ed. 1399, 116 A. L. R. 808, some of the several petitioners were released before expiration of their sentences on account of credit for good conduct but were treated as on parole pending expiration of their maximum terms under the foregoing Federal statute which was the model for ours, as seen. It was held that these prisoners who had been released for good behavior were required to serve the remainders of their first sentences, after completion of service of subsequent sentences which were imposed for crimes committed before the expiration of the original sentences and during the "good conduct" portions of them.

Construing our statutes together, we think it clear ■ that upon release from the penitentiary for good behavior, before the expiration of his sentence, respondent became subject to the jurisdiction of the Parole Board, and the lower court erred in reaching a contrary conclusion.

The order under appeal is reversed.

FISHBURNE, TAYLOR, and OXNER, JJ., and E. H. HENDERSON, A. A. J., concur.