16498

FINLEY v. STATE
(64 S. E. (2d) 881)

*Messrs. T. C. Callison, Attorney. General, and James S. Verner and Daniel R. McLeod, Assistant Attorneys General,* of Columbia, *for Appellant,* 

··*Mr. C. T. Graydon,* of Columbia, *for Respondent,*

May 1, 1951.

STUKES, Justice.

Respondent was released from the State Penitentiary by order of the Richland County Court dated November 24, 1950, after hearing in *habeas corpus* proceedings, but she was required to give bond pending this appeal by the State. On June 3, 1947, she was convicted in the Court of General Sessions of Abbeville County of assault and battery with intent to kill, for which she paid an alternative fine; and also of maintaining a public nuisance for which latter she was sentenced to imprisonment for one year, which was

suspended and she was placed on probation for five years. On September 8, 1948, she was tried in the same court for a subsequent offense and convicted of assault and battery of a high and aggravated nature, and sentenced to two years imprisonment. She appealed from this judgment; it was affirmed. *State v. Finley,* 215 S. C. 62, 54 S. E. (2d) 60.

Thereupon respondent began service of the sentence on June 27, 1949. On June 29, 1949, she was taken before the judge at Newberry who had imposed the suspended sentence of one year in 1947, and on account of the subsequent conviction in 1948 the court revoked the suspension of the earlier, 1947, sentence, the order being in effective part as follows: "It is therefore ordered that the suspended sentence be revoked and the said defendant Marie Finley be required to serve the full term provided for in the sentence as originally imposed, with deduction in time for good behavior. This unserved portion of said sentence to run from date of commitment after suspension has been revoked, with defendant being given due credit for portion of said sentence that has already been served in either the South Carolina Penitentiary or on a County Chaingang."

The Richland County Court, whose order is here under review, concluded that the one year sentence of 1947, the suspension of service of which was revoked by the quoted order of June 29, 1949, was served concurrently with the longer sentence of 1948; in other words that the sentences ran concurrently, whereby respondent was entitled to release. The contrary contention of the State is that the formerly suspended sentence would begin to run only after completion of service of the 1948 sentence.

*Ex parte Klugh,* 132 S. C. 199, 128 S. E. 882, 887, ██ was concerned with parallel facts. The appellant there was convicted upon several counts for which he was sentenced on Nov. 12, 1923, to three years imprisonment. Two days later, as here, on Nov. 14, 1923, the court revoked the suspension of a sentence of one year which had been im-

posed upon conviction of a former offense in March 1921. The gravamen of the appeal was appellant's contention that the sentence of three years was erroneous and it should have been for one year; which position was overruled. Controversy similar to that now presented was considered by the court which concluded its opinion by Mr. Justice Marion in the following language: "In that view it becomes unnecessary to consider whether the effect of Judge Tillman's order of November 14, 1924, revoking the suspension of the prior sentence to imprisonment for a term of one year, was to make that sentence run concurrently with the three-year sentence imposed by the county court on November 12, 1923. It may not be improper to say, however, that upon the record here presented the general rule would seem clearly to apply to the sentence of November 12, and that put in force on November 14, that, when several sentences are imposed by the same court for separate and distinct offenses, they run concurrently, unless the intention that one should begin at the end of the other is expressed. *State v. McKellar* [85 S. C. 236, 67 S. E. 314]."

While the foregoing was patently *obiter* it appears to be entirely sound and in the absence of direct precedent should govern the decision of the case at bar.

Forceful statement of the general law elsewhere is found in *People ex rel. Clancy v. Graydon, Sheriff,* 329 Ill. 398, 160 N. E. 748, 749, as follows: "The only question involved in this case is whether or not the sentences of the superior court and criminal court ran concurrently. The rule of law is well settled that two or more sentences of a defendant to the same place of confinement run concurrently, in the absence of specific provisions in the judgment to the contrary, and, where a defendant is already in execution on a former sentence, and the second sentence does not state that the time is to commence at the expiration of the former, the sentences will run concurrently, in the absence of a statute providing for a different rule. *In re Gafford,* 25 Nev. 101, 57

P. 484, 83 Am. St. Rep. 568; *Fortson v. Elbert* [County]; 117 Ga. 149, 43 S. E. 492; *Hightower v. Hollis,* 121 Ga. 159, 48 S. E. 969; *In re Breton,* 93 Me. 39, 44 A. 125, 74 Am. St. Rep. 335; *Ex parte Black,* 162 N. C. 457, 78 S. E. 273; *Ex parte Hunt,* 28 Tex. App. 361, 13 S. W. 145; *Harris v. Lang,* 27 App. D. C. 84, 7 L. R. A. (N. S.) 124, 7 Ann. Cas. 141; *In re Jackson,* 3 *McArthur* 24; 10 D. C. 24; *People [ex rel. Manyx] v. Whitson,* 74 Ill. 20. While in *Hightower v. Hollis, supra,* it was held that the rule relative to cumulative sentences does not apply where the different sentences are imposed by different courts at different times and places, that case is not in accord with the weight of authority in this respect. In *Ex parte Green,* 86 Cal. 427, 25 P. 21; *Bullard v. State,* 40 Tex. Cr. R. 270, 50 S. W. 348; *Dickerson v. Perkins,* 182 Iowa, 871, 166 N. W. 293, 5 A. L. R. 374; *Zerbst v. Lyman,* 5 Cir., 255 F. 609, 5 A. L. R. 377, and *Rex. v. Bath,* 1 Leach, C. L. 441, the rule was held to be applicable to sentences imposed by different courts." See also: 24 C. J. S., Criminal Law, § 1996, p. 1235 *et seq.*; 15 Am. Jur. 121 *et seq.,* Criminal Law, secs. 464 *et seq.*; annotations, 5 A. L. R. 380, 53 A. L. R. 625, and 70 A. L. R. 1511.

The respondent here will pay no separate penalty for violation of her parole from service of the 1947 sentence and to that extent may be said to have cheated society, but it is so because the court did not specify (in the order of revocation) consecutive service of the sentences— did not express that intention. It may be reasonably implied from the fact that otherwise revocation was futile but inference or implication is not enough to satisfy the rule; and should not be, because it involves the freedom of a citizen. The following apt quotation is from the opinion in *Ex parte Lamar,* 2 Cir., 274 F. 160, 176, 24 A. L. R. 864: "The importance of accuracy in the statement of the terms of the sentence is a right which is accorded every defendant. * * * If it is vague and indefinite, the terms will run concurrently. * * * A prisoner, while suffering the

penalty of the law, should always have preserved to him whatever remains of his rights and condition. A sentence should be so complete as to need no construction of a court to ascertain its import. * * * The rascality of the petitioner, or the merits or demerits of his case, or the appropriate punishment which has been inflicted, cannot enter into this determination. The punishment which the worst criminal has inflicted upon him must be legal, and when this is not so, however uninentional, an offense is being committed in the name of the law against the person. Society does not wish to have it imposed; for, if this may be done against a man guilty of one crime, it can be done against another, and no one can say whose turn will come next."

What has been said disposes of appellant's first question, adversely to it. The second imputes error to the order of the lower court in allowing deduction of thirty per cent of the two-year sentence (of 1948) for good behavior. This assignment of error must be sustained. Respondent was a second offender and entitled to abatement of sentence for good behavior of only twenty per cent. Section 1578, Code of 1942, *Ex parte Wilson*, S. C., 64 S. E. 2d 400.

Affirmed in part; reversed in part.

BAKER, C. J., FISHBURNE, TAYLOR and OXNER, JJ., concur.