UNITED STATES of America ex rel. William WELLS, Petitioner-Appellant,

v.

Frank J. PATE, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent-Appellee.

No. 13744.

United States Court of Appeals Seventh Circuit.

Nov. 30, 1962.

William Wells, pro se.

William G. Clark, Atty. Gen., William C. Wines, Asst. Atty. Gen., Chicago, Ill., Edward A. Berman, Asst. Atty. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge and DUFFY and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Petitioner William Wells appeals from an order of the United States District Court for the Northern District of Illinois, Honorable James B. Parsons presiding, dismissing his petition for writ of habeas corpus "for failure to allege a cause of action."

The district court dismissed the petition without a hearing, granted leave to appeal *in forma pauperis* and allowed petitioner's motion for a certificate of probable cause.

Petitioner prosecuted his appeal in this court *pro se.* He did not request appointment of appellate counsel and was not personally present in court at the time of submission of this appeal on the date set for oral argument. Accordingly, we directed that this appeal be submitted on the briefs and record, without oral argument.

Our examination of the record and briefs discloses that petitioner is incarcerated in custody of the State of Illinois in the Illinois State Penitentiary at Joliet, Illinois.

Petitioner was first charged by the State of Illinois with the crime of larceny by bailee. Following a trial without a jury by the Criminal Court of Cook County, Illinois, he was found guilty of such charge. On July 1, 1959, he was sentenced thereon to serve a term of one to two years in the state penitentiary.

While serving this term of imprisonment, petitioner was charged by the State of Illinois with the crime of unlawful sale and possession of narcotics. He was returned from the state penitentiary, under a writ of habeas corpus, to stand trial on this charge before the Criminal Court of Cook County, Illinois. Petitioner entered a plea of guilty to the narcotics charge and on June 27, 1960 was sentenced by such court to serve a term of four to five years in the state penitentiary.

The record fails to show that petitioner ever appealed from either of the foregoing convictions and resulting sentences.

Petitioner filed his instant petition for writ of habeas corpus in the federal district court on April 13, 1962, and was permitted to proceed therewith *in forma pauperis.*

In his federal petition, he alleged that prior thereto he had presented a petition for writ of habeas corpus to the Circuit Court of Will County, Illinois on May 12, 1961; that such state petition was denied; and that under Illinois law he could not appeal therefrom to the Illinois Supreme Court. It further appears that his subsequent petition for certiorari to the Supreme Court of the United States was denied on October 16, 1961. Wells v. Pate, Warden, 368 U.S. 882, 82 S.Ct. 133, 7 L.Ed.2d 82.

While petitioner did not allege in his federal petition that his first sentence had expired. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); United States ex rel. Parker v. Ragen, 7 Cir., 167 F.2d 792, 793 (1948), cert. denied, 336 U.S. 920, 69 S.Ct. 635, 93 L.Ed. 1082, he does make that statement in his brief. He was first sentenced to serve from one to two years on July 1, 1959. He filed his present habeas corpus petition on April 13, 1962. It is obvious that his first sentence had expired on the latter date. Respondent's

brief is clearly in error in making a contrary assumption.

The gravamen of petitioner's claim for relief in his federal petition is that his second sentence (on the narcotics charge) is invalid because the state court failed to provide therein that such second sentence was to commence upon the expiration of the first sentence he was then serving.

■■ This question is, of course, to be determined by the law of Illinois. Illinois has expressly provided for this contingency by a statute which provides that in a situation such as is before us here, "where the prisoner shall have been taken from the penitentiary, and his punishment is by imprisonment, the time of such imprisonment shall not commence to run until the expiration of his time of service under any former sentence." Ill.Rev.Stats.1961, ch. 65, § 35.[1]

Petitioner cites and relies upon People ex rel. v. Graydon, 329 Ill. 398, 160 N.E. 748 (1928) as authority for his contention that his second sentence was invalid since it did not expressly provide that it was to commence at the expiration of his final sentence. However, this holding contains an exception that brings it in support of the contrary view in the instant case. After stating the general rule "that two or more sentences of a defendant to the same place of confinement run concurrently in the absence of specific provisions in the judgment to the contrary," the court goes on to state that "where a defendant is already in execution on a former sentence, and the second sentence does not state that the time is to commence at the expiration of the former, the sentences will run concurrently, *in the absence of a statute pro-*

*viding for a different rule.*" Id. at 401, 160 N.E. at 749. (Emphasis added.)

Here we have "a statute providing for a different rule." The statute, of course, must be read into the second sentence.

The district court did not err in dismissing the petition for writ of habeas corpus without a hearing.

The order appealed from is affirmed.

Affirmed.

---

[1] This section provides: "§ 35. After a prisoner shall have given his testimony, or been surrendered, or his bail discharged, or he has been tried for the crime with which he is charged, he shall be returned to the jail or other place of confinement whence he was taken for the purpose aforesaid: Provided, if such prisoner is convicted of a crime punishable with death or imprisonment in the penitentiary, he may be punished accordingly; but in any case where the prisoner shall have been taken from the penitentiary, and his punishment is by imprisonment, the time of such imprisonment shall not commence to run until the expiration of his time of service under any former sentence."