McCALEB, Justice.
Lloyd G. White, a prisoner in the Louisiana State Penitentiary, applied for a writ of habeas corpus from the Twentieth Judicial District Court contending that he is illegally confined therein by the Warden inasmuch as he has fully completed service of the sentences under which he is being held.
On September 19, 1960 White was sentenced by the Twenty-Eighth Judicial District Court for the Parish of La Salle to serve two years in the State Penitentiary on each of three counts, said sentences to run concurrently. Shortly thereafter, on October 13, 1960, 244 La. 137, 150 So.2d 591, he was sentenced by the Fourth Judicial District Court for the Parish of Ouachita to serve one year in the State Penitentiary on each of three counts, the sentences to run concurrently. The sentences pronounced in the Fourth Judicial District Court made no reference to the previous sentences imposed by the Twenty-Eighth Judicial District Court.
On October 20, 1960 White was incarcerated in the State Penitentiary to serve the sentences. He remained in confinement until September 30, 1961, when he was released from the penitentiary on parole. However, his parole was subsequently revoked and, on February 21, 1962, he was returned to the penitentiary to complete service of the sentences imposed upon him.
In January of 1963, White applied for a writ of habeas corpus alleging, as aforesaid, that he had completed service of his sentences for, as provided by R.S. 15 :566.-2,[1] all sentences commenced to run on the day after each was pronounced and, hence, the sentences rendered by the Fourth Judicial District Court ran concurrently with those imposed by the Twenty-Eighth Judicial District Court so that the two series of sentences were satisfied as of January 22, 1963.
In resisting White’s claim, the Warden contended that R.S. 15:566.2 was not applicable to the case and, therefore, the sentences, having been imposed by different courts of the State, were cumulative and not concurrent. However the trial judge, citing the jurisprudential doctrine discussed in the Annotation entitled “Sentences by different courts as concurrent” in 57 A.L.R. 2d 1410-1443, found that, since there was nothing contained in the sentences of the Fourth Judicial District Court to indicate that the judge intended that the sentences pronounced by him were to run consecutively with those previously imposed by the Twenty-Eighth Judicial District Court, it was to be presumed that all the sentences were to run concurrently. Accordingly, the rule was made absolute and White was ordered released. On. application of the Warden, we granted certiorari.
In his argument to this Court, the Attorney General asserts that the trial judge was in error in applying the majority rule set forth in the above referred to annotation in 57 A.L.R.2d 1410 to> the effect that, in the absence of a statutory provision or provisions in the sentence itself, sentences imposed by courts of the same State to be served at the same prison, run concurrently *554 notwithstanding that they are imposed at different times and by different courts upon a person already serving a sentence.
Concededly, there is no Louisiana jurisprudence directly in point on the question here presented, albeit the Attorney General cites State v. Kiernan, 116 La. 741, 41 So. 55, wherein the court, in dismissing relator’s contention that five indictments for five separate and distinct offenses of the same sort committed at different times constituted but one offense, remarked “ * * * we will state in passing that the second conviction commences at the expiration of the first sentence.” This obiter dicta cannot be regarded as authority for the Warden’s contention that the sentences involved herein ran consecutively, rather than concurrently.[2]
As stated above, it seems to be well settled by the majority of jurisdictions in this country that sentences imposed in the same jurisdiction to be served at the same penal institution run concurrently, even though they are imposed at different times and by different courts, in the absence of statute or contrary provisions in the sentence itself. However, the Attorney General points out that, as set forth at page 1423 of the annotation in 57 A.L.R.2d this principle apparently rests on the theory that, had the judge imposing the second sentence intended it to be cumulative, he would have affirmatively indicated his intention to that effect and that, where it is shown that the sentencing judge was without knowledge of the prior sentence at the time the second sentence was imposed, the reason for construing the later sentence as concurrent no longer exists. From this premise, it is argued that, since the sentences were imposed by different courts and there is nothing in the record to indicate that the judge of the Fourth Judicial District Court had knowledge of the previous sentences which had been imposed on White when he pronounced the second sentences, the trial judge in this case had no basis for presuming, as he did, that the judge of the Fourth Judicial District Court had knowledge of the prior sentences and construing the second sentences to run concurrently.
We do not think this position is tenable. Initially, it is contrary to the majority rule which warrants the inference that the second sentence is intended to run concurrently with the first when there is no showing that the judge was without knowledge of that sentence. Moreover, it would place upon the prisoner, rather than upon the State officer having him in custody, the burden of establishing that the judge imposing the second sentence had knowledge of the existence of the first sentence — an unrealistic, if not an impossible, burden. The general rule, as we comprehend it, places the onus of showing lack of knowledge on the part of a judge on the State and this, in our opinion, is where the burden should rest— for the State has the means, in most instances, to produce the available evidence.
It is also contended by the Attorney General that the majority view above stated does not apply to sentences imposed by two different judicial district courts but only with respect to separate divisions of a particular district court. Suffice it to say that this contention is not supported by cases which follow the general rule. See Aderhold v. McCarthy (1933 C.A. 5th Ga.) 65 F.2d 452; Ex parte Green, 86 Cal. 427, 25 P. 21; Redway v. Walker, 132 Conn. 300, 43 A.2d 748; People ex rel. Clancy v. Graydon, 329 Ill. 398, 160 N.E. 748; Williford v. Stewart, 355 Mo. 715, 198 S.W.2d 12; Ex parte Sabongy, 18 N.J.Super. 334, 87 A.2d *555 59 and In re Smith, 235 N.C. 169, 69 S.E.2d 174.
In view of the conclusion we have reached it is unnecessary to decide whether R.S. 15:566.2 is applicable to this case.
For the reasons assigned, the judgment under review is affirmed.

. It reads: “Whenever a prisoner is sentenced to imprisonment in a state penitentiary, and has not been released on bail or perfected a suspensive appeal, such sentence shall be considered as commencing on the day following the day on which such prisoner is sentenced without regard to the actual date of incarceration in the state penitentiary.”

. The Attorney General also cites State v. Robinson, 40 La.Ann. 730, 5 So. 20, but that matter is without pertinence to the case at bar. It holds that an accused person, pleading guilty to charges in separate counts of burglary- and larceny may be sentenced by the judge to a separate term for the commission of burglary and another term for the commission of larceny, the latter to begin at the expiration of the former. Manifestly, this case simply gives recognition to the right of a trial judge to impose separate sentences for separate crimes and that he may also provide in his judgment that the sentences are to be served consecutively.