24007

Gregory Kent USRY, Respondent v. STATE of South Carolina, Petitioner.

(441 S.E. (2d) 633)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine, Asst. Atty. Gen. Delbert H. Singleton, Jr.,* and *Staff Atty. G. Robert DeLoach, III,* Columbia, *for petitioner.*

*Asst. Appellate Defender M. Anne Pearce, South Carolina Office of Appellate Defense,* Columbia, *for respondent.*

Submitted Dec. 10, 1993.

Decided Feb. 7, 1994.

MOORE, Justice:

We granted petitioner's application for writ of certiorari to review the granting of respondent's application for post-conviction relief (PCR). We affirm in part and reverse in part.

## FACTS

In August 1988 respondent pled guilty to several counts and was sentenced to ten years, suspended upon the service of five years probation. In March 1990 respondent pled guilty to several counts and was sentenced to seven years, suspended upon the service of five years probation. In September 1990 respondent pled guilty to several counts and was sentenced to two consecutive seven-year sentences. The two prior suspended sentences were reinstated to run consecutively to each other and the two consecutive seven-year sentences for a total of thirty-one years. Responded filed an application for PCR. The PCR judge granted respondent relief and reduced his total sentence to fourteen years. The State appeals.

## ISSUE

Did the PCR judge err in reducing respondent's sentences?

## DISCUSSION

The PCR judge held it was improper to reinstate the suspended sentences consecutively to each other because sentences run concurrently unless the sentencing judge states otherwise. *Finley v. State,* 219 S.C. 278, 64 S.E. (2d) 881 (1951). The State argues *Finley* does not limit the revocation judge's authority to reinstate nonconsecutive suspended sentences consecutively to each other. Although *Fin-*

*ley* does not specifically address whether a revocation judge can order the reinstatement of two prior sentences to run consecutively to each other, we now hold reinstated sentences are not subject to modification. Nonconsecutively imposed sentences may not be reinstated as consecutive to each other. *Accord State v. Braun,* 487 N.W. (2d) 232 (Minn. 1992). Therefore, the PCR judge correctly held the revocation judge erred in ordering the two reinstated sentences to run consecutively to each other.

The State also argues the PCR judge erred in holding the revocation judge could not order the two seven-year consecutive sentences be imposed to run consecutively to the two reinstated sentences. We agree. The revocation judge had the authority to order the two seven-year consecutive sentences to run consecutively to the reinstated sentences. *Finley, supra.*

In conclusion, since we affirm the PCR judge's order in part and reverse in part, respondent's total sentence is reduced to twenty-four years.

Affirmed in part; reversed in part.

CHANDLER, FINNEY and TOAL, JJ., concur.

HARWELL, C.J., not participating.