616 S.E.2d 424

**Virgil TREECE, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 26008.**

Supreme Court of South Carolina.

Submitted June 2, 2005.

Decided July 5, 2005.

Assistant Appellant Defender Eleanor Duffy Cleary, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Molly R. Crum, all of Columbia, for respondent.

Justice MOORE:

Petitioner pled guilty but mentally ill on February 7, 1994, to two counts of second degree criminal sexual conduct (CSC) and one count of first degree sexual exploitation of a minor. The charges stemmed from petitioner's sexual activity with his fourteen-year-old stepdaughter which he videotaped. We granted a writ of certiorari to review the denial of post-conviction relief (PCR) and now affirm.

## FACTS

At petitioner's plea hearing, counsel informed the judge that the sexual exploitation statute, S.C.Code Ann. § 16–15–395 (Supp.2004), mandates a consecutive sentence to other charges. Petitioner was sentenced to twenty years on one count of CSC, suspended upon service of fifteen years with five years probation; fifteen years on the second count of CSC; and fifteen years on the sexual exploitation charge.

The plea judge did not specify whether the sentences were to run consecutively or concurrently.

After sentencing, petitioner was advised by his caseworker at the Department of Corrections (DOC) that his sentences were concurrent and he was serving a fifteen-year term. His projected max-out date was September 11, 2001. In December 1999, however, petitioner's caseworker informed petitioner that his sentence for sexual exploitation was to run consecutively and not concurrently, adding five years to his max-out date which was now projected to be August 16, 2006. Although petitioner filed a grievance, DOC refused to change his classification. Petitioner then filed this action.

## ISSUE

Is petitioner's sentence for sexual exploitation to run concurrently or consecutively?

## DISCUSSION

The PCR court found that DOC properly calculated petitioner's sentence for sexual exploitation as consecutive under § 16–15–395.[1] This section provides for a sentence of three to twenty years for sexual exploitation of a minor with the additional provision that: "[s]entences imposed pursuant to this section must run consecutively with and commence at the expiration of another sentence being served by the person sentenced."

It is well-settled that sentences are deemed to run concurrently "unless the intention that one should begin at the end of the other is expressed." *Finley v. State,* 219 S.C. 278, 282, 64 S.E.2d 881, 882 (1954). This rule of construction has never been applied, however, where the legislature has mandated a consecutive sentence for a particular offense. In fact, we have recognized that "[j]udicial discretion in ... determining that sentences run concurrent or consecutive is subject to statutory

---

1. Although this issue should have been appealed to the Administrative Law Court as provided in *Al–Shabazz v. State,* 338 S.C. 354, 527 S.E.2d 742 (2000), we dispose of it for purposes of judicial economy. *See Furtick v. S.C. Dep't of Probation, Parole & Pardon Servs.,* 352 S.C. 594, 576 S.E.2d 146 (2003) (addressing merits of claim for judicial economy).

restriction." *State v. De La Cruz,* 302 S.C. 13, 15, 393 S.E.2d 184, 186 (1990). Under § 16–15–395, the plea judge had no authority to order anything but a consecutive sentence for the sexual exploitation charge.

**AFFIRMED.**

TOAL, C.J., WALLER and PLEICONES, JJ., concur.

BURNETT, J., not participating.