# Richmond

ENOCH WRIGHT V. RICE M. YOUELL, SUPERINTENDENT, ETC.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*Ralph C. Bethel,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the respondent.

HUDGINS, J., delivered the opinion of the court.

This record and petition bring under review the judgment of the trial court upon a writ of *habeas corpus,* denying petitioner a discharge from custody.

The admitted facts are that on February 11, 1903, plaintiff was found guilty of a felony and sentenced by the County Court of Wise county to serve seventeen years in the penitentiary. On January 20, 1910, the Honorable Claude A. Swanson, then Governor of Virginia, granted him a pardon upon the following conditions:

"That the said Enoch Wright will conduct himself in the future as a good, law-abiding citizen; and if ever again he be found guilty of a violation of the penal laws of the Commonwealth this pardon shall be null and void."

Plaintiff accepted the pardon with the conditions in these words:

"I, Enoch Wright, hereby accept the above pardon with the conditions therein set forth."

If plaintiff had continued to serve this sentence and had violated no rules of the penitentiary board, he would have completed his term in 1918. On April 13, 1922, plaintiff was again charged with another crime, tried, found guilty and sentenced to twelve years in the same penitentiary. In 1930 he was again tried under section 5054 for having been convicted of a felony prior to his second conviction, and sentenced to serve two additional years therefor. He has now served the time required by the second and third convictions and demands his release from custody.

The Commonwealth contends that plaintiff should now be required to serve the unserved term of his first sentence, which it is claimed he has forfeited because of the breach of the conditions of his pardon.

It appears that when plaintiff was sentenced the second time in 1922 the order did not state that the two sentences under which he was then held should begin consecutively. This being true, the sentences ran concurrently. There has been no order of the Governor declaring the conditions of the pardon violated; there have been no statutory or common law proceedings to ascertain whether the plaintiff has violated the conditions imposed upon and accepted by him. The Commonwealth contends none are necessary; that by the express terms of the pardon the moment he was convicted a second time that moment his pardon became null and void.

If we concede this to be true, by what authority has a ministerial officer the right to declare when a convict shall begin to serve his sentence? We know of no such authority and none has been cited to us. If, by the terms of the pardon, it became null and void upon the second conviction of the plaintiff, at the moment he was taken in custody he began to serve his unexpired term, and in the absence of anything to the contrary in the or-

der of his second conviction he began the service of that sentence also. This rule cannot be changed except by the entry of the proper order by an officer clothed with due authority. This was not done and it is too late now for any officer to make such an order.

The Commonwealth concedes that if we reach this conclusion it is decisive of the case, and plaintiff is entitled to his liberty. We, therefore, express no opinion on the other questions discussed in the briefs.

For the reasons stated, the judgment of the trial court will be reversed and a proper order entered discharging the plaintiff from custody.

*Reversed.*