MARTIN REDWAY *v.* RALPH H. WALKER, WARDEN OF CONNECTICUT STATE PRISON.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 7—decided July 18, 1945.

*Arthur T. Gorman,* with whom, on the brief, was *Abraham S. Ullman,* for the appellant (defendant).

*Alfonse C. Fasano,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff in this habeas corpus proceeding seeks release from the state prison on the ground that two sentences he had received ran concurrently and that both the periods of imprisonment fixed in them have expired.   The trial court rendered

judgment in his favor and the defendant, warden of the prison, has appealed.

On September 21, 1939, the plaintiff was convicted of the crime of burglary and sentenced to the prison for a term of not less than two nor more than five years. On May 23, 1941, he was released on parole. On December 23, 1941, he committed another burglary and was arrested. While he was being held in jail awaiting trial for this offense, the board of parole at the prison revoked his parole and lodged with the jail authorities a warrant for his return to the prison. On January 6, 1942, he pleaded guilty to the information charging the second offense. The trial court was informed that he had not completely served his prior sentence and that his parole had been revoked. It imposed a sentence of not less than one nor more than three years, without specifying whether this sentence should run concurrently or consecutively with the unserved portion of the earlier sentence. On January 8, 1942, the defendant received the plaintiff into his custody under a mittimus based on the judgment of guilty of the second offense. Thereafter, the board of parole voted that the plaintiff should serve the unexpired portion of the first sentence after the expiration of that imposed for the second offense. If the second sentence ran concurrently with the unexpired portion of the first, the defendant has fully served both and is entitled to his discharge. If, however, he is required by law to serve the unexpired portion of the first sentence after the completion of imprisonment under the second, in accordance with the vote of the board, he is still rightfully held in prison.

Under our indeterminate sentence law, where two or more sentences to state prison are imposed at the same time, ordinarily a maximum and a minimum period are set for the first offense and only a maximum for

the others; General Statutes, § 6507; and, if the sentences are to run concurrently, not only should a direction to that effect be given in the judgment but a maximum and a minimum should be fixed for each offense. *Abt* v. *Walker,* 126 Conn. 218, 10 Atl. (2d) 596. The statute applies only where sentences for two or more offenses are given at one time, and it creates an exception in such a situation to the general rule that, in the absence of statute, where a person has received two or more separate sentences to imprisonment in the same penal institution and the judgments contain no provision that they shall run consecutively, they will be held to run concurrently. *Zerbst* v. *Lyman,* 255 Fed. 609, 610, 166 C. C. A. 643; *People* v. *Graydon,* 329 Ill. 398, 401, 160 N. E. 748; note, 70 A. L. R. 1512. It has been held that, even in the absence of statutory provision, where sentences are given by different courts or where the second sentence is imposed upon one who is already in prison under an earlier sentence, they will not run concurrently, though they are served in the same institution; *State ex rel. Allen* v. *Ryder,* 119 Neb. 704, 230 N. W. 586; *Hightower* v. *Hollis,* 121 Ga. 159, 48 S. E. 969; but this ruling is clearly against the weight of authority. *Zerbst* v. *Lyman,* supra; *People* v. *Graydon,* supra; *Aderhold* v. *McCarthy,* 65 Fed. (2d) 452; *Dickerson* v. *Perkins,* 182 Iowa 871, 166 N. W. 293; *Ex parte Green,* 86 Cal. 427, 25 Pac. 21; *Kennedy* v. *Howard,* 74 Ind. 87, 89. Indeed, in this state there is no logical ground for a distinction between the two situations. Whenever a convict is sentenced to prison, our statute requires that a mittimus shall issue, which commands the warden to receive and keep him in prison for the period of the sentence or until he is legally discharged. General Statutes, § 6495. The mittimus is the warrant by virtue of which the convict is rightly held in the

prison; and certainly if, where he is convicted of two or more offenses at the same time, he would be held under mittimuses issued on all offenses, the same would be true where he is being held in the same institution under mittimuses issued by different courts at different times. See *Aderhold* v. *McCarthy*, supra. Where, then, a prisoner already serving a sentence to state prison receives a further sentence to that institution, the two sentences will, in the absence of an authorized variation of the rule, run concurrently. The defendant claims, however, that this rule does not apply where a prisoner on parole has committed another crime and has been sentenced for it to the same penal institution from which he had been paroled, but that in such a situation the balance of the original sentence must be served at the expiration of the sentence imposed for the second offense; and in support of that contention he cites *Zerbst* v. *Kidwell*, 304 U. S. 359, 58 Sup. Ct. 872, 116 A. L. R. 808, and *Hunley* v. *Hallowell* (Iowa), 199 N. W. 163, a case not appearing in the official reports of the decisions of the Iowa Supreme Court. In the first of these cases, it was held that, where a prisoner on parole from a federal penitentiary committed another crime and was sentenced to the same institution, he was, during service of the second sentence, in a position as regards the first sentence analogous to that of an escaped prisoner; that, while confined for the second offense, he was held only by reason of it; and that the unexpired portion of the original sentence would become effective only on the expiration of the second sentence. The element in that case which distinguishes it sharply from the one before us is that there, as far as the record shows, the parole had not been revoked, as it had been in the case before us. See *Hammerer* v. *Huff*, 110 Fed. (2d) 113, 116.

Under our statutes, the request of the board of parole at the prison, or of any person authorized by its rules to act, is sufficient warrant to any proper officer "to return any convict on parole into actual custody"; General Statutes, § 6511; and any paroled convict who is returned for breach of parole "may be retained in said prison for a period equal to the unexpired portion of the term of his sentence at the date of the request or order for his return," subject to possible diminution by reason of his good behavior, "or may be again paroled" by the board. General Statutes, Cum. Sup. 1939, § 1471e. When, in this case, the board revoked the plaintiff's parole and he was returned to the prison, he was then held under the mittimuses issued under both sentences; see *State* v. *Wilson,* 38 Conn. 126, 135; and the reasoning in *Zerbst* v. *Kidwell,* supra, does not apply.

The case of *Hunley* v. *Hollowell,* supra, followed an earlier decision of the Iowa court, *Kirkpatrick* v. *Hallowell,* 197 Iowa 927, 933, 196 N. W. 91, 198 N.W. 81, which adopted a line of reasoning similar to that in *Zerbst* v. *Kidwell,* supra, and in which, also, the parole had apparently not been revoked. Cases involving similar situations which hold that the unexpired portion of the original sentence and the second sentence run concurrently are: *Ex parte Casey,* 160 Cal. 357, 116 Pac. 1104; *Application of McDonald,* 178 Wis. 167, 189 N. W. 1029; *In re Black,* 162 N. C. 457, 78 S. E. 273; *Wright* v. *Youell,* 160 Va. 925, 168 S. E. 339. That this is the law in this state is strongly confirmed by this fact: § 2003 of the General Statutes contained an express provision that, if a convict on parole committed another crime and was sentenced anew to the prison, service of the second sentence should "commence from the termination of his liability upon the former sentence"; but in 1931 the General

Assembly repealed this provision. Public Acts, 1931, Chap. 194; General Statutes, Cum. Sup. 1935, § 788c.

Unless the vote of the board of parole in this case, that the plaintiff should serve the unexpired portion of the first sentence after the expiration of the second sentence, was effective, the two sentences ran concurrently. The statutes give the board no power to determine in that way the time when a convict returned for breach of parole shall begin to serve the balance of his sentence. It is true that the board is authorized to establish "such rules and regulations as it may deem necessary, upon which such convict may go up on parole, and to enforce such rules and regulations and to revoke and reimprison any convict upon parole, for any reason that shall seem sufficient to said board." General Statutes, § 6510. We are not, however, concerned with the scope of the power so given, because the vote of the board in this case was not under any rule or regulation it had established. In the absence of statute, the determination whether two sentences to the same penal institution shall run concurrently or consecutively is an incident to the judicial function of imposing sentences upon a convict and is a matter for the determination of the court. With the performance of that function, the board of parole, as an administrative body, has, in the absence of statutory authority, no right to interfere. *Application of McDonald,* supra; *Wright* v. *Youell,* supra, 927; *In re Prout,* 12 Idaho 494, 499, 86 Pac. 275. If, for example, in this case the court, in imposing the sentence, had directed that it run consecutively with the first, it would not be within the power of the board to direct that the two sentences be served concurrently. When the court made no order, it must be assumed that it accepted the incident which the law attached to the second sentence, that it should run concurrently with

the unexpired portion of the first; and, in the absence of statutory authority, it would not be within the power of the board, by its vote, to vary the way in which the sentences should be served. *Zerbst* v. *Lyman,* supra, 610; see *Anthony* v. *Kaiser,* 350 Mo. 748, 752, 169 S. W (2d) 47.

The defendant seeks, it is true, a finding that the trial court, in imposing the second sentence, took into account the fact that the plaintiff would have to serve additional time for the violation of his parole, and, in support of such a finding, it refers to a colloquy between court and counsel at the time the second sentence was imposed. Even if the fact was as claimed by the defendant, it could not change the legal effect of the sentence imposed. The terms and incidents of that sentence must be found in the judgment rendered, read in the light of the applicable statutory provisions. *Alcorn* v. *Fellows,* 102 Conn. 22, 26, 127 Atl. 911; *State* v. *Lindsay,* 109 Conn. 239, 243, 146 Atl. 290. "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." *United States* v. *Daugherty,* 269 U. S. 360. 363, 46 Sup. Ct. 156. This requirement would not be met if it were permissible to look outside the terms of the judgment.

In *Glazier* v. *Reed,* 116 Conn. 136, 163 Atl. 766, we had before us a situation where the plaintiff, while on parole from the Connecticut Reformatory, committed a crime for which he was sentenced to state prison. After he was in prison, the board of directors of the reformatory voted, under statutory authority, that he be transferred to the prison to serve the balance of his reformatory sentence, adding: "said sentence to take effect from and after the expiration of the one he is now serving." We construed this vote to mean that

the transfer was to take effect at the expiration of his sentence to the prison and held it to be valid; we pointed out (p. 140) that, under the statutes applicable to the reformatory, when he was discharged from prison he would be again subject to the control of the officers of the reformatory and might be taken by them at the door of the prison and delivered into the custody of its officers; and that the law did not require useless formalities and, as he was already in the prison, the vote to transfer him was effective to authorize his further detention there; but we also said (p. 142): "It is undoubtedly true that an inmate of the reformatory could not be transferred to the state prison for immediate imprisonment but with the service of his sentence to begin at a future day."

If we apply like reasoning to the situation before us, we reach this result: Where a convict has broken his parole from the state prison and has been returned to it under a subsequent sentence, it would be a meaningless gesture for the board of parole, on revoking his parole, to order his return, and the time when such a vote becomes effective would be the equivalent of such an order. No doubt the board may determine the time when it will revoke a parole for its breach, and it may vote that a parole be revoked but, if the convict is outside the walls of the prison, direct that no warrant be issued for his return until some future day, or, if he is already in custody in the prison, direct that the revocation be effective only as of such a day. See *Miller* v. *Hiatt*, 50 Fed. Sup. 915. Section 1471e of the 1939 Cumulative Supplement to the General Statutes, from which we have quoted above, provides, however, that a convict returned for breach of parole may be retained for a period equal to the portion of his sentence which has not expired at the date of the request or order for his return; and this clearly

implies that he cannot be retained for a longer time. The convict is entitled to have credited upon his sentence the time which elapsed before the vote revoking his parole became effective, either by a request or order for his return or, if he is already in prison, by force of the revocation itself. Cf. *Kirkpatrick* v. *Hallowell*, supra. If, in this case, the board, having effectively revoked the plaintiff's parole and ordered his return, could require that he serve the unexpired balance of the first sentence at the expiration of the second, he would be detained in prison under the mittimus upon the first sentence not only for the portion of that sentence which remained to be served when the order for his return was made but, in addition, for the period of the second sentence. This would be to do the very thing we said in *Glazier* v. *Reed,* supra, could not be done, as appears from the quotation we have made from our opinion in that case. The vote of the board that the plaintiff serve the unexpired balance of the first sentence after the expiration of the second sentence was invalid. Consequently, the plaintiff is entitled to be discharged from prison.

There is no error.

In this opinion the other judges concurred.