**Warren G. MYERS, Appellant,**

v.

**Dr. Joseph R. BLALOCK, Superintendent, Southwestern State Hospital, Marion, Virginia, Appellee.**

No. 7877.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1959.

Decided Nov. 2, 1959.

George R. Humrickhouse (Court-Appointed Counsel) Richmond, Va., for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, on the brief), for appellee.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and FIELD, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court denying appellant's petition for a writ of habeas corpus. Appellant has been confined since 1942 as an insane person in the Southwestern State Hospital, Marion, Virginia, having been committed to the institution after his indictment for two murders. His principal contention is that he is entitled to a jury trial under Sec. 37–93, Code of Virginia, 1950, on the issue of his sanity.

The appellee insists, however, that the District Court properly dismissed the petition because it failed to allege that state remedies had been exhausted. In the view we take of the case we need address ourselves to this point only.

Appellant's petition in the instant case contains the following pertinent paragraph:

"(22) Your petitioner has petitioned both the Circuit Court of Smyth County and the Supreme Court of Appeals of Virginia for a writ of habeas corpus, and also for a few weeks order of transfer— These petitions were erroneously denied."

The appellee's brief attaches certain documents not introduced into the record below, which disclose that appellant filed an original petition for a writ of habeas corpus in the Supreme Court of Appeals

of Virginia, and this was denied on June 10, 1953. Thereafter, he filed another petition for a writ of habeas corpus in the Circuit Court of Smyth County, Virginia, which that court, on September 23, 1953, dismissed after holding a full and complete hearing. Some four years later, appellant filed a petition in the Circuit Court of Smyth County, Virginia, for an order transferring him to another hospital. This too was denied, on September 5, 1957. Appellant thereupon applied to the Supreme Court of Appeals of Virginia for a writ of error, which was denied on November 29, 1957.

The mere recital of these details makes it clear that appellant has not pursued the required course to exhaust state remedies: this would involve initiating an action in the Virginia Circuit Court, seeking a writ of error from the Supreme Court of Appeals of Virginia, and then a writ of certiorari from the Supreme Court of the United States. Such is the command of 28 U.S.C. § 2254 as expounded at length in Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

The lawyer appointed by us to assist the appellant in this appeal, who has advocated his client's cause ably and conscientiously, pressed upon us in argument a statement in the concurring opinion of Mr. Justice Frankfurter in the leading case of Brown v. Allen, 1953, 344 U.S. 443, 502, 73 S.Ct. 397, 443, 97 L.Ed. 469:

> "Care will naturally be taken that the frequent lack of technical competence of prisoners should not strangle consideration of a valid constitutional claim that is bunglingly presented."

Counsel seems to assume that appellant's failure to allege exhaustion of state remedies was due to mere inexpert draftsmanship in the petition which was prepared without the assistance of an attorney. We agree with the admonition

expressed in the cited passage. However, not only have no facts been alleged below, but nothing has been represented to us indicating the requisite exhaustion of remedies. Indeed the opposite has been demonstrated by the documents appended to appellee's brief. Yet appellant's attorney has moved to strike appellee's brief and appended matter, on the ground that this matter is not included in the record certified to this court. We consider that the appellee has aided us by supplying pertinent public records, which appellant did not furnish in his petition.[1]

■ A person should not be denied relief to which he is entitled, merely because of inept draftsmanship. On the other hand, having alleged facts obscurely in his petition, he cannot object to the production of data brought forward in response to his insistence that the obscurity which he created should be resolved in his favor. It would doubtless have been better if these public records had been presented by the appellee in the District Court. Nevertheless, we are not prepared to say that appellee's production of them here is improper in the circumstances. The motion to strike must be denied.

Finally, counsel contends that his client attempted to exhaust his state remedies in the 1957 proceedings by seeking certiorari from the Supreme Court of the United States. It is said that the Superintendent of the State Hospital would not allow the petition for certiorari to be mailed without first having the opportunity to inspect it, in accordance with the institution's routine; to this the appellant refused to agree. Counsel also complains that communications between him and his client were censored by the officers of the institution.

■ These allegations, made to us orally for the first time, were never before the District Judge, and if the petitioner wishes to claim in a new petition

---

1. The only non-public document appended by the appellee is a recent letter of the Superintendent of the Hospital concerning the appellant's present mental condition. This we have not considered in reaching our decision.

in the District Court that state remedies have been exhausted, or that the circumstances relied upon constitute an excuse for failing to exhaust them, the matter may be considered in that court. We intimate no opinion as to these matters.

The order dismissing the petition is Affirmed.