William R. SIMS, Appellant,

v.

W. Frank SMYTH, Jr., Superintendent of
the Virginia State Penitentiary,
Appellee.

No. 8113.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 28, 1960.

Decided Oct. 6, 1960.

Charles W. Laughlin, Richmond, Va.
(Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of
Virginia (A. S. Harrison, Jr., Atty. Gen.,
of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, and
SOPER and HAYNSWORTH, Circuit
Judges.

PER CURIAM.

William R. Sims is presently confined
in the Virginia State Penitentiary, hav-
ing been sentenced by the Circuit Court
of the City of Richmond on March 12,
1958, under the Virginia Recidivist Stat-
ute to a term of ten years, with one year
of the term suspended. The proceed-
ings were begun by an information filed
by the attorney for the Commonwealth of
Virginia, alleging that Sims had been
three times convicted of offenses against
the Commonwealth, which offenses were
punishable by confinement in the state
penitentiary, and that he had been three
times received in the state penitentiary
for said offenses.

While the Recidivist Statute, section
53–296 of the Virginia Code of 1950,
provides for additional punishment of
persons convicted in that state who have
been previously convicted and sentenced
in the United States to the penitentiary,
Sims claims, among other things, that in
practice the statute is enforced only

against persons who have been previously convicted in *Virginia* courts and not against those who have been convicted of crimes in other states and in federal courts. His contention is that, as thus applied, the statute constitutes an unlawful discrimination which deprives him, and others whose previous convictions were in the Virginia state courts, of the equal protection of the laws.

We are asked on this appeal to review the action of the United States District Court for the Eastern District of Virginia, taken on May 3, 1960, dismissing without hearing or opinion a petition by Sims for a writ of habeas corpus directed to the Superintendent of the Virginia State Penitentiary. No show-cause order having been issued by the District Court to the Superintendent and no notice of the petition having been given to the Attorney General of the state, the Superintendent was not afforded an opportunity to present any pertinent information.

In this court the Attorney General asserts that, aside from the merits of Sims' attack on the sentence he is serving, he was not entitled to maintain his petition for habeas corpus in the federal court because he had failed to exhaust state remedies. At the bar of this court the Attorney General stated that on May 19, 1959, Sims had petitioned the Hustings Court for the City of Richmond for a writ of habeas corpus, and that while that petition was pending he filed on July 1, 1959, an original petition for a writ of habeas corpus in the Supreme Court of Appeals of Virginia. In the latter proceeding the Attorney General filed an answer on behalf of the Superintendent of the penitentiary, pointing out the pendency of the petition in the Hustings Court, and moving the Supreme Court of Appeals to order the dismissal of the case pending before it, or to stay action upon it until the Hustings Court had determined the legality of Sims' detention in the suit pending in that court.

On November 25, 1959, the Supreme Court of Appeals entered an order dismissing Sims' petition, but filed no opinion. It does not appear of record whether dismissal was upon the merits or because of the pendency of a parallel suit in the Hustings Court. The Attorney General suggests the latter reason. The petitioner sought certiorari in the Supreme Court of the United States, and this was denied on April 18, 1960, 362 U. S. 955, 80 S.Ct. 868, 4 L.Ed.2d 871. Thereafter, on May 16, 1960, the Hustings Court denied Sims' petition for a writ of habeas corpus which he had filed approximately a year earlier on May 19, 1959. From this action no appeal was taken.

Notwithstanding the various state court proceedings, it is not clear whether the questions presented to the United States District Court, and which we are asked to decide on this appeal, have been properly presented to the Supreme Court of Appeals of Virginia.

██ The proper place to establish the precise facts, which are basic to the question of exercising our jurisdiction, is not the United States Court of Appeals. We would ordinarily remand the case to the District Court for amplification of the record; but in face of the strong indications that there has been no exhaustion of state remedies, such remand in the present instance would probably involve useless delay. The issue raised is one of state law and should first be presented in an orderly fashion to the Supreme Court of Appeals of Virginia, whether by way of an original petition or on appeal from a trial court, as Sims may be advised by counsel to proceed. The Assistant Attorney General who appeared before us has indicated his readiness, in view of the delays that have already occurred, to cooperate with Sims' attorney in bringing the issues properly before a Virginia court for adjudication.

For the present this case will remain on the docket, until the further order of the court.