Jack SHELTON, Appellant,

v.

STATE OF SOUTH CAROLINA and W. M. Manning, Superintendent of the South Carolina State Penitentiary, Appellees.

No. 8224.

United States Court of Appeals Fourth Circuit.

Argued Jan. 6, 1961.

Decided Jan. 10, 1961.

---

Russell Alton Wright, Richmond, Va. (Court-assigned counsel), for appellant.

William L. Pope, Asst. Atty. Gen., South Carolina (Daniel R. McLeod, Atty. Gen., of South Carolina, on the brief), for appellees.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HUTCHESON, District Judge.

PER CURIAM.

This state court prisoner filed a petition for a writ of habeas corpus in the District Court while post conviction procedures initiated by him were pending in the state courts. The District Court dismissed the petition without a hearing.

The order discloses that the District Judge learned that the petitioner has available an opportunity to appeal to the Supreme Court of South Carolina, upon which that court may review the order of the state circuit judge denying the requested relief. Petitioner's court-appointed counsel called attention to a series of steps heretofore taken in the state courts by the petitioner in an ineffectual effort to present the very issues he sought to raise in the District Court. He contends that these show "unusual circumstances" excusing the petitioner from the requirement that he shall exhaust state remedies before resorting to the federal courts. 28 U.S.C.A. § 2254. However, we perceive no such "unusual circumstances," and counsel concedes the correctness of the State's essential contention that an appeal is now pending in which the Supreme Court of South Caro-lina will review the action of the state trial court.

It would be helpful if information like that relied upon by the District Court were made a part of the record in a formal return by the State Attorney General to the petition, or otherwise. This would avoid needless uncertainty as to the procedural steps earlier taken.

When a person in state custody presents to a District Court an application for a writ of habeas corpus, and the papers are not entirely clear as to whether there has been an exhaustion of state remedies or as to any other pertinent question, the court should, by show cause order or informally, notify the proper state authorities and give them an opportunity to resolve the ambiguity. It is in the interest of orderly procedure for any information necessary for the amplification of the record to be presented in the District Court. In some instances that have come to our notice, broad general allegations have been made in the petition which seemingly stated a case for relief, yet were in conflict with actual state records. If the petition is dismissed without the production of such records, an appeal often ensues, at the hearing of which new matter is attempted to be presented for the first time in this court. See Holly v. Smyth, 4 Cir., 1960, 280 F.2d 536, 542. We suggest that the better practice is to notify the state officials and to incorporate in the record of the District Court such material from the state records as discloses the true situation. Also, we find it most useful when the District Judge includes a brief statement of his reasons for dismissing a petition without a hearing.

Since in the present case we have been satisfied beyond doubt that there is now pending in the State Supreme Court a proceeding that will determine on their merits the issues sought to be raised by the petitioner, we will affirm the order of the District Court dismissing the petition.

Affirmed.