**Charles F. YAEGER, Appellant,**

v.

**DIRECTOR OF DEPARTMENT OF WELFARE AND INSTITUTIONS et al., Appellees.**

**No. 8395.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 21, 1961.

Decided Jan. 3, 1962.

James C. Roberts, Richmond, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Frederick T. Gray, Atty. Gen. of Virginia, on brief), for appellees.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

The United States District Court for the Eastern District of Virginia denied

without a hearing Yeager's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2254. In substance, the petition attacks the administration of Virginia's recidivist statute. Va.Code Ann. § 53–296 (1958). The claim is that in practice the statute is applied to prisoners in respect to previous convictions in Virginia only, and not to convictions in other jurisdictions, thereby depriving him of the equal protection of the laws in violation of the Fourteenth Amendment. We, however, must remand the case to the District Court for findings as to whether the petitioner has exhausted his state remedies as is required by the statute before he may raise this constitutional claim in the federal courts.

The petitioner was first convicted in Virginia in 1944 for storebreaking and sentenced to one year's imprisonment which he served. Again arrested and convicted in February, 1946, for storebreaking and larceny, he was sentenced to a term of two years. In June, 1946, while serving the sentence on his second conviction, he was sentenced for one additional year as a recidivist, pursuant to Va.Code Ann. § 53–296 (1958). However, he was paroled in April, 1947. Petitioner's third conviction was in January, 1948, for grand larceny, for which he was sentenced to a term of four years. In June, 1950, he was sentenced to an additional ten years as a recidivist and, in August, 1950, still another year was added as punishment for an aborted escape from the state prison farm. He was paroled in 1953. Petitioner's fourth Virginia conviction was in March, 1954, for attempted statutory burglary, and he was given a five year sentence. He then still had over six years to serve under one or more of his prior sentences, namely, his 1948 grand larceny conviction, his 1950 conviction for recidivism, and his one year sentence for escaping prison. Later, in December, 1954, he was sentenced to fifteen more years for recidivism as a fourth offender.

Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Appeals of Virginia, but, on June 14, 1955, the writ was denied without opinion. The Supreme Court of the United States declined review. Yaeger v. Director, etc., 350 U.S. 880, 76 S.Ct. 147, 100 L.Ed. 776 (1955). When the present petition was filed in the federal court on March 14, 1961, the District Judge did not order the Attorney General of Virginia to show cause why the prisoner should not be released, nor was the Attorney General notified of the petition in any other manner. After the petition was denied without a hearing on May 3, 1961, the petitioner appealed.

The Attorney General of Virginia contends that the appeal must be dismissed because the petitioner has not exhausted the remedies in the state courts as required by 28 U.S.C.A. § 2254. He maintains that the constitutional issue, which the petitioner attempts to raise now in the federal courts, was not considered by the Supreme Court of Appeals of Virginia in 1955 when it denied the petitioner's writ of habeas corpus. This contention is predicated upon the asserted fact that, at the time of filing the writ in the state court, the petitioner was serving only the sentence imposed in March, 1954, for attempted burglary, and no other sentence, with the result that, under the Virginia law concerning applications for habeas corpus, the state court had no authority to consider the alleged unconstitutional administration of the recidivist statute since the recidivist sentence was not then being served. McDorman v. Smyth, 187 Va. 522, 47 S.E.2d 441 (1948); see Smyth v. Midgett, 199 Va. 727, 101 S.E.2d 575 (1958). To establish this asserted fact, the Attorney General relies upon two letters, written to the petitioner by W. R. Rice, a Records Officer at the Virginia State Penitentiary, and an affidavit of Curtis R. Mann, the Director of the Bureau of Records and Criminal Identification of the state penitentiary. In rebuttal, the petitioner insists that, by reason of his fourth conviction in 1954, his prior parole was revoked and that he thus resumed serving

his 1950 sentence for recidivism.[1] The petitioner also argues that, if he was serving the 1954 sentence for attempted burglary when he filed the writ of habeas corpus in the state court, he was serving concurrently his 1954 sentence for recidivism.

■■ The documents relied on by the Commonwealth of Virginia are ambiguous in respect to which sentence or sentences Yaeger was serving when he filed his application in the Supreme Court of Appeals of Virginia. They indeed indicate that in 1955 he was serving his sentence for attempted burglary. They do not, however, establish that he was not also serving out the remainder of his 1950 ten year recidivist sentence on which he had been paroled and the parole revoked. Neither do these documents make it certain that he was not in 1955 also serving his 1954 fifteen year recidivist sentence. Moreover, the petitioner attacks the letters from W. R. Rice and the affidavit of Curtis R. Mann, as embodying conclusions which he maintains they were not authorized to make.[2]

There has thus been raised a crucial issue of fact, namely, the exact determination of the sentence or sentences which the petitioner was serving when he applied to the state court for release. If it should be found that he was serving only the 1954 sentence for attempted burglary, this petition would have to be dismissed for failure to exhaust state remedies. On the other hand, if he was serving the 1954 recidivist sentence concurrently with the sentence for the burglary and if under Virginia law the state court had authority to consider the merits of the constitutional claims, then the state remedies would be exhausted. It would then follow that the District Court would have to rule on the merits of petitioner's claim. If it should be found that the petitioner was serving the remainder of the earlier 1950 recidivist sentence and his present constitutional claim was presented to the state court, the novel question would be raised as to whether state remedies are exhausted when the petitioner, presently serving a different sentence, advances an identical constitutional issue. We need not engage in any further speculations, but shall await a definitive resolution of the crucial factual issue after an inquiry by the District Court. As we have said before, "It is not appropriate to make the initial tender of factual issues in the Court of Appeals." Holly v. Smyth, 280 F.2d 536, 542 (4th Cir. 1960); see Myers v. Blalock, 271 F. 2d 442, 444–445 (4th Cir. 1959).

■ Had our admonitions in Shelton v. State of South Carolina, 285 F.2d 540 (4th Cir. 1961), been heeded, this appeal might have been easily avoided, saving this court, the Attorney General of Virginia, and the petitioner much time, expense, and frustration. In that opinion, we said that district judges should inform state attorneys of the filing by state prisoners of petitions for habeas corpus, either by means of a rule to show cause or some informal procedure, whenever the papers are not clear as to whether state remedies have been exhausted or whenever some other pertinent factual question is raised. Indeed, the Attorney General has emphasized that he wants very much to be informed about every petition

1. The petitioner relies upon the provisions of Va.Code Ann. § 53–262 (1958), authorizing the Virginia Parole Board in its discretion to revoke a parole and order the prisoner to serve the remainder of his original sentence.

2. The petitioner relies upon Wright v. Youell, 160 Va. 925, 168 S.E. 339 (1933), where the Commonwealth Attorney attempted to assert that an executive pardon, conditioned upon the prisoner's con-

tinued good behavior, was automatically revoked when the prisoner was convicted for a second time, and that service of the sentence on which he had been pardoned was resumed at the termination of the second sentence. The court said that ministerial officers had no authority to declare whether sentences are concurrent or consecutive. We do not here express approval or disapproval of the contention the petitioner bases upon this case.

58

for habeas corpus filed with the District Court, no matter how frivolous the issue presented might appear to be. It is very likely that in many cases attorneys for the state will be able to resolve conclusively an unsettled issue of fact by filing relevant documents from the state records. These documents would become a part of the record of the case and would aid us in reviewing the disposition of the case by the District Court. By notifying the state, the prompt and orderly dispatch of these petitions will be promoted.

In Shelton v. State of South Carolina, supra, we also suggested that the district judge should indicate in a brief written opinion the reasons for dismissing a petition. We urge this course because it is possible that the judge has a good reason for his action which might not readily appear when review is sought or when a certificate of probable cause is requested unless it is specifically pointed out. Stating the reasons will often discourage fruitless appeals and applications for such certificates; and even if such appeals are taken and applications made, their proper disposition will be facilitated. In addition, when the judge accompanies his denial of a petition for habeas corpus with a statement of the supporting reasons, he avoids giving the petitioner an impression that justice is being administered arbitrarily.

We remand the case for a determination as to whether petitioner has exhausted his state remedies. In this instance, the District Court may, if it is deemed desirable, retain the case on the docket until the Supreme Court of Appeals of Virginia decides the case of Sims v. Smyth which involves the very issues raised by Yaeger. We retained Sims' appeal from the District Court pending determination of the constitutional issue by the state courts. 282 F.2d 814 (4th Cir. 1960). We have been informed that Sims v. Smyth is on the January docket of the Supreme Court of Appeals of Virginia.

Reversed and remanded.