Clarence Irvin **TURNER**, Appellant,

v.

**STATE OF MARYLAND**, Appellee.

No. 8363.

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1961.

Decided May 18, 1962.

Robert L. Karwacki, Baltimore, Md. (Court-assigned counsel), for appellant.

Thomas W. Jamison, III, Asst. Atty. Gen., of Maryland (Thomas B. Finan,

Atty. Gen., of Maryland, on brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Chief Judge.

Clarence Turner, a Maryland prisoner, complains of a deprivation of his liberty without due process in being denied the effective assistance of counsel at his trial for attempted armed robbery. Found guilty by the court sitting without a jury, he was sentenced to a term of five years. At the time this sentence was imposed, Turner was also sentenced to a two and a three year term on his plea of guilty to two charges of burglary. The record does not show whether these three sentences were to run consecutively or concurrently.

█ The sole question on this appeal is whether the District Court properly denied without a hearing Turner's petition for a writ of habeas corpus. Since no court has found to the contrary, we must accept the allegations of the petitioner as true for purposes of this appeal. They are as follows:

"Your Honor on February 20, 1958 I was arraigned for Attempted Armed Robbery. I entered a not Guilty Plea. The Court on that same day appointed me the Council of * * * to defend me. [Because of the serious nature of the accusation, which has not been established, the name of the attorney is deleted.]

"On March 6, 1958 I was taken to the Baltimore City Court for trial. Your Honor I had not even seen or talked to My Court Appointed Council. Five minutes before my trial this lawyer came to the area where I was waiting trial and called my name out. I went over to where he was standing and he said, I'm Your lawyer, have you got a set of your Indictment papers? He asked me for them and said we are going to trial now.

"Your Honor may I impress upon you the facts that:

"(1) This lawyer did not even have a set of my indictment papers.

"(2) I did not even get to see or talk to him until (5) minutes before my actual trial.

"(3) How could he have possibly been ready or able to defend me on such a serious charge?, with only (5) minutes preparation.

"(4) He did not even show any regards for your petitioner.

"When your petitioner was brought into the Court room this council immediately entered another plea of Not Guilty. Your Honor this council then set down in a chair and during your petitioner's whole trial he did not:

"(1) Did not let your petitioner take the stand to testify in his own behalf.

"(2) Did not once himself argue and say anything on your Petitioner's behalf.

"(3) Did not make a closing argument of any kind.

"(4) Did not advise your Petitioner of his right to appeal or his right to ask for a new trial."

The same contentions were presented to the state court in a proceeding under the Maryland Post-Conviction Act, Art. 27, § 645A et seq., Anno.Code of Maryland (Supp.1958). A hearing was conducted, although apparently Turner did not attend, nor was any evidence offered on his behalf. The court ruled:

"Neither the Petitioner nor counsel for Petitioner alleges that counsel appointed for the trial was acting in collusion with any State Official, nor that any fraud was practiced upon Petitioner. The Petition does not state that complaint was made to the Trial Judge regarding the alleged ineptness of counsel. In the absence of such allegations, the complaint lacks merit. Furthermore, Petition-

er fails to show how the actions of counsel, as set forth in the Petition, worked to his detriment." (Memorandum of Judge Allen, dated March 23, 1959.)

The Court of Appeals of Maryland denied review. Turner v. Warden, 220 Md. 669, 155 A.2d 69 (1959). Certiorari was denied by the Supreme Court, 364 U.S. 885, 81 S.Ct. 173, 5 L.Ed.2d 105 (1960), and no issue of exhaustion of state remedies is raised.

His petition for habeas corpus addressed to the District Court was denied on alternative grounds: First, the court was satisfied that the complaint "was fully and fairly considered by the state court"; second, on the merits, the court deemed the allegations insufficient to show a deprivation of constitutional rights. Turner v. Maryland, Civil No. 12025, D.Md., Feb. 27, 1961. For the reasons which follow, we conclude that the court erred in this disposition of the case.

## I

■■ The rule announced in Brown v. Allen, 344 U.S. 443, 463, 73 S.Ct. 397, 97 L.Ed. 469 (1953), permitting district courts to decline to consider contentions on habeas corpus on the ground that they have been "fully and fairly" considered by the state court has no application here. The rule authorizes district courts to defer to a state court's resolution of conflicting historical facts. On the other hand, deference to a state court's conclusion on a question of law or mixed law and fact is not contemplated. See Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); Brown v. Allen, 344 U.S. 443, 507, 73 S.Ct. 397 (1953). Indeed, as we recently said, "[district courts] *may not* avoid the duty of making an independent evaluation of the historic facts according to the appropriate constitutional standard, out of deference to the state court's legal determination." Hobbs v. Pepersack, 301 F.2d 875, 880 (4th Cir. 1962) (Emphasis added). Also, in Holly v. Smyth, 280 F.2d 536, 543 (4th Cir. 1960), a case also involving the ef-

fective representation of counsel, we considered the same question and held that a determination by a state court on an issue of constitutional law "in no way relaxes the duty of the District Court to make its own constitutional determination." See Clark v. Warden, 293 F.2d 479, 481–82 (4th Cir. 1961); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

■■ In the present case, the District Court could not defer to the state court's legal conclusion that Turner had not been denied the effective assistance of counsel. Moreover, even viewing the state court's conclusion as a determination of "fact," the District Court was still not authorized to defer to it, because the state court applied an erroneous legal standard to the allegations of historical fact in reaching its conclusion as to the ultimate "fact"—the adequacy of representation. The state court expressly predicated its denial of relief on the ground that Turner had failed to allege collusion between the court-appointed counsel and the prosecutor—an erroneous view of the law which introduced a factor not required to be shown. We cannot agree that to establish a claim of inadequacy of legal representation it is necessary to show an extreme situation of counsel treacherously conniving with the prosecutor to defraud the client of his rights. Without this feature a trial may still be so lacking in fundamental fairness as to constitute a denial of constitutional rights. The state court's conclusion, therefore, is infected with a "vital flaw" and may not be accepted by the federal court. See Brown v. Allen, supra, 344 U.S. at 506, 73 S.Ct. at 445. See also the discussion in Rogers v. Richmond, 365 U.S. 534, 537–540, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), and cases there cited.

## II

■■ As to the District Court's second ground for denying relief, it is of course well established that the court may deny a petition for habeas corpus without conducting a hearing where the factual allegations, even if true, raise no substan-

tial constitutional issue. See Jones v. Cunningham, 297 F.2d 851 (4th Cir. 1962). But the present petition sets forth with sufficient clarity a prima facie case of a denial of due process. In Hobbs v. Pepersack, 301 F.2d 875 (4th Cir. 1962), we had occasion to consider the right to the assistance of counsel, and concluded, in line with Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442 (1962), and other authorities there cited, that it was fundamentally unfair for Maryland to deny an accused the assistance of counsel at his trial on legally complex charges of robbery with a deadly weapon. The charge Turner faced is substantially the same as that with which Hobbs was confronted, and Turner, like Hobbs, was constitutionally entitled to court-appointed counsel, as the trial court recognized by making an appointment. There must, however, have been a genuine and effective representation.

█ The requirement is not satisfied if a court-designated lawyer makes a merely perfunctory appearance and does nothing whatever before or during the trial to advise his client or protect his rights.[1] More than mere errors in judgment, or general ineptness, are charged against counsel by Turner. Compare McGrady v. Cunningham, 296 F.2d 600, 602, (4th Cir. 1961). The petition alleges that the appointed lawyer made no attempt to familiarize himself with the charges against the petitioner and did absolutely nothing to learn his version of the facts to enable him to conduct the defense; also, that the lawyer did not in any way seek to protect him at the trial or preserve his right of appeal or even inform him of such right to appeal. Pro forma entry of an appearance without study or preparation for useful participation in the trial is not a satisfaction of the constitutional rights of an accused.

█ The petition may turn out to be an abuse—a complete fabrication, born of a prisoner's desire to shift the blame for his predicament from his own shoulders upon those of a conscientious lawyer who did his full professional duty at a personal sacrifice. But this may not be surmised; there should be a hearing to determine the truth.

### III

█ There is a possibility that on procedural grounds Turner is barred from the relief he seeks. As above pointed out, sentences were imposed on three charges at the conclusion of the trial in 1958, and it is impossible to ascertain from the present record whether these sentences were to run concurrently or consecutively. This information is of course essential. If the five year sentence for attempted armed robbery is concurrent with the two unassailed burglary sentences aggregating five years, then the prisoner is not entitled to release from prison, and habeas corpus is not available to him. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960). On the other hand, if the three sentences run consecutively, and he has not yet begun to serve his term for attempted armed robbery, then the petition is premature.

In Shelton v. South Carolina, 285 F.2d 540 (4th Cir. 1961), and Yaeger v. Director, 298 F.2d 55 (4th Cir. 1962), we pointed out that where there is an obscurity in the petition, for example, as to the sentence being served, district courts should notify the state authorities upon receipt of the petition. Normally the state authorities will readily provide the information concerning sentences and commitment papers, past history includ-

---

[1]. See, e. g., MacKenna v. Ellis, 280 F.2d 592, 599–601 (5th Cir. 1960), affirmed en banc, 5 Cir., 289 F.2d 928 (1961); Lunce v. Dowd, 261 F.2d 351, 354 (7th Cir. 1958); Tucker v. United States, 235 F.2d 238 (9th Cir. 1956); Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14 (1945); cf. Michel v. Louisiana, 350 U.S. 91, 100–101, 76 S.Ct. 158, 100 L.Ed. 83 (1955); Jones v. Cunningham, 297 F.2d 851 (4th Cir. 1962); United States ex rel. Tillery v. Cavell, 294 F.2d 12, 20–22 (3rd Cir. 1961); Snead v. Smyth, 273 F.2d 838, 842 (4th Cir. 1959); Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958); Anno. 74 A.L.R.2d 1390 (counsel chosen by accused).

ing exhaustion of state remedies, good time credits, and the like. Development of the record to this extent at least, which may be done by informal preliminary inquiry, is indispensable and will frequently result in saving many hours of judges' and lawyers' time.

Reversed and remanded for further proceedings consistent with this opinion.