**Herbert Hoover CLARK, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 66–C–39–D.**

United States District Court
W. D. Virginia,
Danville Division.

Nov. 8, 1966.

**648**

tiary pursuant to his conviction for armed robbery. Prior to his conviction in the Circuit Court of Charlotte County, he was indicted for three felonies by the grand jury on January 4, 1955. The same day, the opening day of term, two counsel were appointed to defend the petitioner and trial was set for January 6. Although convicted of armed robbery, petitioner was acquitted of attempted homicide and was not prosecuted for breaking and entering. Counsel had not sought a continuance to permit additional time for preparation of the case. Following the conviction, no appeal was taken.

In 1965, petitioner was awarded a plenary hearing by the state court, resulting in the denial of his petition for habeas corpus. His writ of error to the Supreme Court of Appeals of Virginia was dismissed. Thus, petitioner has exhausted his state remedies as to the issue before this court. We entertain this petition for writ of habeas corpus pursuant to an order transferring the case from the Eastern District of Virginia.

Petitioner contends in his amended petition that he was denied adequate assistance of counsel, because "Counsels were appointed on January 4, 1955, and without a continuance proceeded to trial on January 6, 1955, having approximately forty-eight hours to prepare a case of three felony indictments."

█ The right of an accused to be represented by counsel is not violated solely by a showing that no attorney was appointed. Even where counsel is appointed, it is unnecessary to claim an extreme example of inadequate legal representation. Turner v. State of Maryland, 303 F.2d 507 (4th Cir. 1962). However, the effectiveness will not be measured by whether counsel is successful. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958). Nor does it relate to the quality of service rendered or the normal decisions made by an attorney. Whitley v. Cunningham, 205 Va. 251, 135 S.E.2d 823 (1964).

█ An accused is entitled to "genuine and effective" representation. This requirement is not satisfied by a per-

No appearance for petitioner.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by a State prisoner pursuant to the provisions of 28 U.S. C. § 2254.

Petitioner is currently serving a forty year term in the Virginia State Peniten-

functory appearance in the court, where counsel does nothing before or during the trial to advise his client or to protect his rights. Turner v. State of Maryland, supra. There it was not fatal to fail to make a showing of possible collusion between the court appointed counsel and the State. However, counsel failed to provide "genuine and effective" assistance where he appeared five minutes before the trial, did not have a copy of the indictment, failed to argue on defendant's behalf, and made no closing argument.

A time requirement is not established to test the proper representation in a criminal case. Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L. Ed. 377 (1940), indicates that the right to counsel is not satisfied by formal appointment, but includes the opportunity for consultation between attorney and client. The case decided that an accused was not deprived of his constitutional right, although counsel was appointed on Monday and trial was conducted Thursday. The court relied heavily upon the determined effort made by counsel on behalf of the accused, particularly in the unsuccessful attempt to secure a continuance. Crucial was the fact that all defenses were exhausted, despite the brief period available for preparation.

■■ In order to determine whether "genuine and effective" representation existed in the present case, this court will not accept the state court's findings, unless they agree with our independent evaluation of the facts interpreted in accordance with existing constitutional standards. Hobbs v. Pepersack, 301 F.2d 875 (4th Cir. 1962); and Holly v. Smyth, 280 F.2d 536 (4th Cir. 1960). This court also cannot automatically deny relief without a hearing on habeas corpus, even where there has been a hearing in state court, if the resolution of factual questions is crucial. Clark v. Warden, 293 F.2d 479 (4th Cir. 1961). A most serious charge is presented and a thorough review of the record from the state hearing is required before it can be determined whether a violation of due process is sufficiently shown.

The state petition alleges virtually identical claims as his current petition. At the state habeas hearing petitioner offered testimony of the two attorneys appointed to defend him at the trial. It appears the local practice at the time permitted a docket committee to establish trial dates two or three weeks before the start of term. Attorneys selected to defend indigents were notified also. Although the testimony was not positive on the point, it is possible that counsel had more than the two days from official appointment to prepare the defense. Although their memories of specific defenses were blurred, they recalled having an opportunity to consult with their client prior to trial and neither attorney could cite any defense they neglected.

Petitioner offered testimony in his own behalf at the hearing, but failed to indicate any witnesses who might have appeared if his attorneys had had more time to prepare the case. He was vague in response to almost every question presenting an opportunity to show specifically why his defense suffered. On several occasions his testimony is contradicted by the record or his other statements. In lieu of presenting concrete facts to support his charges, petitioner seems to rely on the idyllic notion that his attorneys should have produced a judicial rabbit from their vest pocket, which was prevented by the time limitations.

Although not conclusive, it is significant that petitioner was convicted on only one of the three indictments returned against him. This hardly reveals counsel made a mere formal appearance on his behalf. On the contrary, counsel advised petitioner not to take the stand in his own behalf, but petitioner thought otherwise and was apparently devastated on cross-examination to the detriment of his chances.

■ From the record it appears that petitioner failed to factually reveal anything which would cause this court to think that a due process violation was committed by ineffective assistance of counsel. In spite of the possibility that

only two days may have been available for preparation of petitioner's defense, we find the claim is without merit to support the charge that petitioner's rights were compromised. This failure to support his charge with facts that could be construed in his favor compels this court to deny a new hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and the same is hereby denied.